Matter of the Application of PETER J. ROWE, a Stockholder in the ATLANTA CANNING COMPANY, INC., for the Appointment of Appraisers to Appraise the Value of His Stock.

(Supreme Court, Steuben Special Term, June, 1919.)

Stock Corporation Law, § 17 — construction of, as to protecting the interests of non-consenting minority stockholders — statutes — corporations.

> Section 17 of the Stock Corporation Law is a beneficial statute and should be so construed as to protect the interests of non-consenting minority stockholders.
>
> A minority stockholder who does not consent to a sale of all the assets of the corporation is, under section 17 of the Stock Corporation Law, entitled after due and proper objection to have the value of his stock appraised and to be paid the value thereof whether his stock is registered in his own name on the corporation's books or not.

MOTION for the appointment of appraisers under section 17 of Stock Corporation Law.

Grant C. Fox, for applicant.

Kenefick, Cooke, Mitchell & Bass (Thomas R. Wheeler, of counsel), for Atlanta Canning Company.

CLARK, J. The applicant is the owner of twenty-four shares of the capital stock of the Atlanta Canning Company, a New York stock corporation. At the time the special meeting of the stockholders of the company hereinafter referred to was held, twenty-three shares were not registered.

On the 29th day of March, 1919, a special meeting of the stockholders of the corporation was held at its principal office for the purpose of voting on a resolution authorizing the sale of the real and personal property of the corporation to a new corporation known as the Steuben Products Company.

At said meeting the applicant appeared by George H. Rowe, Esq., his attorney, who held a proxy from this applicant, and voted against said proposed sale, and then and there demanded payment for applicant's shares of stock.

Later and within twenty days after said special meeting was held the applicant caused to be served on the president and vice-president of said company written objections to the proposed sale which had been voted at said special meeting, and a demand for the payment for his twenty-four shares of stock in the company. No attention was paid to his objections and demand, and he now asks for an appraisement of his stock as provided for by section 17 of the Stock Corporation Law.

The Atlanta Canning Company claims that the applicant is not entitled to such appraisement, for the

reason that the proxy presented by counsel for the applicant at the said meeting was incomplete in form, because it did not bear a revenue stamp, and for that reason was rejected. The company also urges that the applicant is not entitled to an appraisement of twenty-three shares of the stock, which he claims to own, because the shares were not registered in the books of the corporation in the name of applicant, and consequently he is not entitled to an appraisement.

Section 17 of the Stock Corporation Law was intended, among other things, to protect the rights and interests of non-consenting minority stockholders, and it should be strictly construed to the end that they be not deprived of its beneficial purposes.

If the legislature had intended that only stockholders of record should have the benefit of the provisions of section 17 of said statute, it would have said so, and the court should not read into the statute something which it does not contain, and which it was evidently not intended to contain.

For voting purposes and to determine rights as to dividends, undoubtedly only stockholders of record would be recognized, and the large number of cases cited by counsel for the objecting company would seem to support that contention, but I am not cited to any authority, and have not been able to find one, holding that only stockholders of record would be entitled to the advantages intended to be secured to non-consenting stockholders provided for in the section of the statute under consideration.

The papers show clearly and conclusively that the officers of this objecting corporation were very eager in their employment of every device to prevent this minority stockholder from asserting his claimed rights at said special meeting, and this position is a little peculiar if the proceedings were intended to be entirely regular and fair.

Supreme Court, June, 1919.       [Vol. 107.

The fact that some of the applicant's stock had not been registered affords no legitimate excuse for denying this application. He has bought and presumably paid for twenty-four shares of the stock of this corporation, and has his certificates therefor, and for the purposes of this application at least, he must be deemed the legal and equitable owner of twenty-four shares of the stock in question. Under the circumstances the court should not exclude the applicant from the protection of non-consenting minority stockholders which section 17 of the Stock Corporation Law was designed to afford.

At the time of the holding of the special meeting when a sale of this property was voted, the officers of the corporation knew that the applicant claimed to own twenty-four shares of the stock of the corporation, even if he had not yet gone through the formality of having all of his shares registered in the books of the company.

If the sale of this property was for a fair price it is strange that the officers of the corporation should have been so zealous to obstruct the applicant in every effort he made to safeguard his rights as a stockholder.

I think a fair interpretation of the section in question is that *any* stockholder who owns stock in a stock corporation, whether registered or not, if he brings himself within the provisions of the section as to time of demand of payment for his shares and objection to the sale, is entitled to an appraisement of his stock, not only with reference to stock actually registered in his name, but also with reference to stock which he owns absolutely, even though not yet registered.

This motion must therefore be granted.

Motion granted.