In the Matter of STANDARD COATED PRODUCTS CORPORATION, Respondent. ETHEL T. BAZAR, Petitioner. (Proceeding No. 1.)

In the Matter of STANDARD COATED PRODUCTS CORPORATION, Respondent. NATHAN HAUSMAN, Petitioner. (Proceeding No. 2.)

In the Matter of STANDARD COATED PRODUCTS CORPORATION, Respondent. ISAAC STRAHL, Petitioner. (Proceeding No. 3.)

In the Matter of STANDARD COATED PRODUCTS CORPORATION, Respondent. SYLVIA KLEIN, Petitioner. (Proceeding No. 4.)

In the Matter of STANDARD COATED PRODUCTS CORPORATION, Respondent. ANNE S. BEHRENS et al., Petitioners. (Proceeding No. 5.)

Supreme Court, Westchester County, September 19, 1944.

*Cravath, Swaine & Moore* for respondent.

*Samuel Bonom* for Ethel T. Bazar and Nathan Hausman, petitioners.

*Strahl & Strahl* for Isaac Strahl, petitioner.

*Milton H. Mandel* for Sylvia Klein, petitioner.

*Julius Weiss* for Anne Behrens, petitioner.

PATTERSON, J.   Each of the first four of the above-entitled proceedings has been brought in the Supreme Court, Westchester County, for the appointment of appraisers under section 21 of the Stock Corporation Law to value the stock of the respective petitioners in Standard Coated Products Corporation, who have protested the merger of said corporation with Interchemical Corporation.   The respondent corporation seeks to dismiss each of these proceedings on various grounds, and as an alternative moves to consolidate such of said proceedings as may not be dismissed with the fifth proceeding already pending in New York County.

On May 16, 1944, the directors of respondent corporation voted to approve a proposed agreement of merger with Interchemical Corporation, and on May 26, 1944, mailed to its stockholders a notice of special meeting to be held on June 23, 1944, to consider the proposed agreement of merger.   The merger was thereafter approved by vote of the stockholders at the special meeting on

June 23, 1944, and was thereafter consummated on August 7, 1944.

On June 3, 1944, petitioner Bazar filed with respondent corporation a letter of objection to the proposed merger. On June 14, 1944, respondent corporation received a similar letter from petitioner Hausman. Thereafter, both petitioners Bazar and Hausman on June 23, 1944, just prior to the stockholders' meeting on said date, filed additional letters objecting to the merger and demanding payment for their respective stock. It appears that the second set of letters differed from the first only in that the second set more clearly made demand for payment. Petitioners Bazar and Hausman thereafter both served their petitions herein on August 14, 1944.

Respondent corporation claims that the sixty-day period of limitation prescribed for the commencement of proceedings under section 21 of the Stock Corporation Law should be measured with respect to the Bazar and Hausman proceedings from the date when demand first was made, and that accordingly said period of time in each case should be measured from the respective dates when the respondent corporation received the first letters of protest. Said petitioners, however, claim that once having protested the merger, they could withdraw their protest, or modify or renew it, at any time up until the date of the meeting at which the protested action was to be considered, and consequently that the time should be measured at least from the date of the last demand prior to the meeting, namely, June 23, 1944. Said petitioners further argue that, inasmuch as their demands for payment were necessarily predicated upon the approval by the stockholders of the proposed merger, therefore, their demands did not become complete or effective until the stockholders actually acted on the protested merger at their meeting. By reason thereof they claim that their time to commence proceedings must be reckoned from the date of the stockholders' meeting, namely, June 23, 1944, when the proposed merger was approved.

On June 9, 1944, respondent corporation received a letter from petitioner Klein objecting to the proposed merger and demanding payment for her stock. Petitioner Klein's petition was not served until August 22, 1944. Respondent corporation seeks to dismiss the Klein petition on the same ground claiming that the sixty-day period should be measured from the date said petitioner's letter of demand was received and that her petition was not therefore timely served. Petitioner Klein takes the same position secondarily taken by petitioners Bazar and Haus-

man, namely, that the effective date of her demand was the date of the stockholders' meeting on which the protested action was taken. Petitioner Klein secondarily claims that respondent corporation waived any right to object to the time of the commencement of her proceeding by reason of the endorsement on the moving papers of an admission of due and timely service of the application.

Considering firstly the question of whether the sixty-day limitation of time prescribed in section 21 of the Stock Corporation Law should be measured from the date of receipt of the notice of demand for payment, or should be measured from the date of stockholders' approval of the protested action, it is clear under the statute that the right to demand payment did not accrue until the approval of the contested action at the stockholders' meeting. Section 21 affords the remedy of payment to a protesting stockholder only, in the words of the statute, "In the event that the stockholders &ast; &ast; &ast; have taken action &ast; &ast; &ast;." If subsequent to receiving the notice of demand, the stockholders had failed to take action on the proposition to merge or had voted it down, then it is clear that a protesting stockholder would have had no right to payment for his stock, and his filed notice of demand would never have attained any legal significance whatsoever. The demand for payment was necessarily predicated upon the protested action being taken. Of course, the notice of demand had to be filed prior to the meeting at which the proposed action was to be considered as the statute so requires. The demand for payment therein contained, however, did not become complete or absolute until the proposition to merge was thereafter approved. It appears to me that the legal effect of the letter of demand was merely to give notice that if the protested action should be taken, payment would be demanded. Prior to the considered action being taken, there could be no basis for a demand for payment, and in this sense, the stockholders' right to demand payment prior thereto was merely inchoate and did not become vested until the action actually was taken. By analogy if after approving the merger, the stockholders had thereafter abandoned it or rescinded their approval, the right to demand payment would have divested (see *Matter of Millard Nos. 1–3*, 221 App. Div. 113, affd. 246 N.Y. 546; *Matter of O'Hara*, 133 Misc. 184 ).

In my opinion, to decide that the time limitation should be computed from the receipt of the notice of objection and demand required by the statute in advance of the meeting, might lead to abuses which would vitiate the very remedy which

the Legislature in enacting the statute intended to afford to nonconsenting minority stockholders. If the time were to be measured from the date of the notice, the corporation could outlaw the protesting stockholders' rights by the simple 'expedient of delaying the taking of action through the adjournment of the stockholders' meeting beyond the sixty-day period.

While I am referred to no case directly in point, the reasoning in *Matter of Stockwell* (210 App. Div. 753) and in *Matter of Seiler* (239 App. Div. 400) appears controlling. In the *Stockwell* case, the court held that a nonconsenting stockholder need not await actual distribution of the stock subsequent to the protested meeting approving distribution before taking proceedings for the appraisal of his stock, as to hold otherwise would enable the corporation to delay distribution until after the short period of limitation provided under the statute there applicable had run. In the *Seiler* case, the court held that the nonconsenting stockholders' rights to institute appraisal proceedings for payment accrued when the proposed reorganization involved therein was approved, and that they were not required to await the actual filing of the amended certificate of change. The court stated, at page 403, as follows, " Section 21 of the Stock Corporation Law, which limits the time within which the proceeding may be instituted, requires that it be brought within sixty days after the meeting adopting the change in the stock. If the contention of the respondent were to be upheld, the corporation might by withholding the filing of the certificate for sixty days defeat the stockholders' right to have the stock appraised. *Matter of Millard* (221 App. Div. 113; affd., 246 N.Y. 546) and *Matter of O'Hara* (133 Misc. 184) are not contrary to this interpretation of the law. In those cases, at the time the proceedings were instituted, the resolutions had been withdrawn and the transactions abandoned. No purpose would have been served by continuing with an appraisal under those conditions."

I, therefore, hold that the proceedings commenced respectively by petitioners Bazar, Hausman and Klein were all brought within the required time, and it is therefore not necessary for me to pass upon the question of waiver raised in the Klein proceeding.

Respondent corporation also claims that the Hausman petition should be dismissed on the ground that Hausman was not a stockholder of record until after notice of the proposed merger was presented to the stockholders. There is nothing in the statute which limits the remedy thereby afforded to a stockholder of record. If the Legislature had intended such a limita-

tion, the statute would have expressed it. (*Matter of Rowe,* 107 Misc. 549.) The case of *Matter of Leventhall* (241 App. Div. 277) does not hold to the contrary as in that case the petitioner acquired his stock subsequent to the notice of the proposed action, and the court held that in acquiring his stock and bringing the proceeding, he clearly was not acting in good faith. I am satisfied from the proofs submitted by petitioner Hausman that he was in fact the bona fide owner of stock in the corporation as early as April 11, 1944, more than a month before the directors of respondent corporation voted to approve the submission of the proposed agreement of .merger to the stockholders. His good faith cannot, therefore, be questioned under the rule in the *Leventhall* case, and the fact that he did not have his stock transferred to his name on the books of the corporation until after receiving notice of the proposed merger does not prejudice his rights.

With respect to the Strahl petition, it appears that the order to ·show cause was made returnable on five days' notice. Respondent corporation claims that said petition should be dismissed on the ground that the provision for eight days' notice contained in section 21 of the Stock Corporation Law is jurisdictional. I do not agree with this contention. Had petitioner chosen to apply by ordinary notice of motion, his failure to give the eight days' notice would have rendered his proceeding defective. However, he elected to proceed by order to show cause. In such case, rule 60 of the Rules of Civil Practice permits the court or judge granting the order to show cause, upon sufficient reason therefor being shown by affidavit, to shorten the time within which the motion is returnable. Rule 60 by its express wording includes a motion in a proceeding as well as in an action.

The objections to all of the petitions are, therefore, overruled.

It therefore becomes necessary to consider the alternative motion to consolidate the first four of the above-entitled proceedings with the fifth proceeding pending in New York County and to transfer said proceedings to the Supreme Court, New York County. Petitioners Bazar and Hausman affirmatively state that they have no objection to the granting of the alternative relief, and petitioner Strahl likewise apparently does not oppose it. Petitioner Klein does oppose the consolidation and transfer to New York County on the ground that the office of the corporation is located within the county of Westchester, and that section 21 of the Stock Corporation Law does not permit the proceeding to be brought elsewhere. However, by decision of Mr. Justice

PECK heretofore rendered in *Matter of Behrens* (N. Y. L. J., August 25, 1944, p. 357, col. 1) it was determined that the executive offices of the corporation are located at No. 40 Worth Street in the city of New York, and that said offices constituted the principal office of the corporation within the meaning of the statute. I am inclined to follow the ruling made by Mr. Justice PECK and the motion to consolidate and to transfer the causes to New York County is therefore granted.