In the Matter of Samuel E. Harwitz, Petitioner.
Republic Pictures Corporation, Respondent.
In the Matter of Rose L. Steinberg et al., Petitioners.
Republic Pictures Corporation, Respondent.

Supreme Court, Special Term, Bronx County, June 28, 1948.

*Samuel E. Harwitz,* petitioner in person.

*Leonard I. Schreiber* and *Paul A. Phillips* for Rose L. Steinberg and others, petitioners.

*Meyer Lavenstein* for respondent.

EDER, J. This application and *Matter of Harwitz* involve the same questions and will be considered and disposed of together.

The petitioners are owners and holders of common shares and also preferred shares of the stock of Republic Pictures Corporation; they present their petition to this court and seek an order appointing three persons to appraise the value of their shares of the common and preferred stock of said corporation. The respondent corporation has served and filed its answer thereto and also presents a cross motion in each proceeding to dismiss the same or directing that same be transferred and moved from the county of Bronx to the county of New York.

Consideration will be given firstly to the cross motions for a change of venue, which proceed on the premise that none of the petitioners are residents of the county of Bronx; further, that the principal office of the respondent corporation is located in the county of New York and that all its books and records (with some exceptions) are located at its office in the county of New York; that neither respondent corporation nor any of its subsidiaries has, or ever had, any place of business in the county of Bronx, or any property or assets of any kind located in the county of Bronx; that none of its officers or directors resides in the county of Bronx.

Section 21 of the Stock Corporation Law provides that an application for the appointment of appraisers to appraise the value of stock of an objecting stockholder shall be made to the Supreme Court at any Special Term thereof " held in the judicial district in which the office of such corporation is situated * * *." It seems clear, therefore, that the application may be made in any county within the judicial district in which the office of the corporation is situated.

*Matter of Standard Coated Products Corp. (Bazar)*, (183 Misc. 736, 741, affd. 271 App. Div. 1007) is not in conflict with this view as there the principal office of the corporation was located in the county of New York and the proceeding was brought in the county of Westchester, in a judicial district in which the office of the corporation was not situated, and the proceeding was accordingly transferred to the county of New York.

The motion for change of venue is, therefore, denied.

Consideration will now be given to the basal motions and the cross motions to dismiss. In this connection consideration will now be given to the contention of the respondent that in no event are the petitioners holding preferred stock entitled to have the preferred stock appraised.

Counsel state that their research has not disclosed any judicial decision on this question.

The instant applications for the appointment of appraisers to determine the value of the petitioners' common and preferred stock are made pursuant to sections 20 and 21 of the Stock Corporation Law.

In sum, section 20 entitled " Voluntary sale of franchise and property and rights of objecting stockholders," provides that a corporation may sell or convey certain assets with the consent of two thirds of the stockholders " *entitled to vote thereon* " and further provides with respect to such stockholders that any stockholder not voting in favor of such proposed sale and conveyance may apply to have such stock appraised and paid for upon compliance with the procedural requirements therein prescribed.

It is to be observed that preferred stockholders are not mentioned or provided for but only stockholders entitled to vote. Nonetheless, petitioners maintain that, as they view section 20 it does not limit appraisal rights to those stockholders who voted against the proposal but confers appraisal rights upon *all* stockholders except those who voted in its favor.

Their theory appears to be that otherwise a large class of nonvoting stockholders is left powerless to protect their interest and compels submission by them to a determination in which they have no voice; that a reasonable construction of section 20 indicates a legislative intention that a shareholder should not be required to continue in an altered enterprise not acceptable to him and that he should have the right to retire and be compensated, whether or not his status was such that he could vote against the change. This position seems to me to be untenable for if it was the legislative intent that section 20 should be applicable to nonvoting stock and that nonvoting stock should have the right to apply for appointment of appraisers as well as voting stock, then there was no need to include in section 20 the phrase " *entitled to vote thereon.*" This seems to me to indicate a clear legislative intent to confine and limit the rights to appraisal under section 20 to voting stock only and as indicating the exclusion of nonvoting shares.

Where, as here, the Legislature has created a right and limitation, by clear and precise language, limited to the voting stock, the court may not extend or constrict them (*Matter of Marcus* [*Macy & Co.*], 297 N. Y. 38, 45).

The conclusion is therefore reached that preferred nonvoting stockholders acquire no appraisal rights under section 20 of the Stock Corporation Law and that said provision is inapplicable as to them and that sections 20 and 21 are applicable only to the voting stock.

Consideration will now be given as to whether the factual situation authorizes the orders sought. It appears that the board of directors adopted a resolution, subject to the consent of the holders of record of two thirds of the outstanding shares of the corporation entitled to vote thereon, for the sale and transfer of all the outstanding shares of the capital stock of Consolidated Molded Products Corporation, a wholly owned subsidiary of the respondent, for the sum of at least $850,000, at such time, and to such person, firm or corporation, and upon such covenants, terms, conditions and provisions as the board of directors shall approve.

The petitioners did not vote their common stock in favor of the sale and duly objected to such sale and demanded payment for their stock.

The respondent alleges, by way of opposition, that no sale of the stock of said Consolidated Molded Products Corporation has been consummated, nor has any agreement for the sale thereof been made or executed; that the corporation had no purchaser for such stock but was seeking to find one who would pay the sum of $850,000 therefor and was carrying on negotiations to that end with the knowledge that said negotiations might or might not result in a sale, and it is further alleged by respondent that unless and until the stock of said Consolidated Molded Products Corporation is sold, there will have been no change in the assets of the corporation by reason of any sale of said stock and that consequently no reason exists for the appraisal of the common stock of the respondent corporation held by the petitioners; that no appraisal of the petitioner's common stock should be directed until the sale of the stock of Consolidated Molded Products Corporation is actually consummated; that the rights of the petitioners as the holders of the common stock of the respondent corporation to have the value of their common stock appraised is dependent upon the sale of the stock of Consolidated Molded Products Corporation and until such sale is effected no appraisal of the value of the common stock of the petitioners should be ordered and no action taken with respect thereto at this time and that all proceedings hereunder should be stayed until such sale is actually consummated.

The actual consummation of the proposed sale is not a condition precedent to the right of the stockholder to seek an appraisal under sections 20 and 21 of the Stock Corporation Law. *Matter of O'Hara* (133 Misc. 184, 187) takes an opposite view, but I am unable to agree therewith. The court there states that it has not been able to find any case which directly so holds (p. 187) and that in the cases which it has examined and where the right was recognized and enforced that the sale had actually been made.

I interpret *Matter of Seiler* (239 App. Div. 400) and *Matter of Thomas* (259 App. Div. 843) to hold that the right to apply for appraisal is not dependent upon an actual sale of the corporate property being consummated, but that upon approval of the resolution authorizing the proposed sale the dissenting stockholders acquire immediately the right to commence the statutory proceeding for appraisal, subject to the determination by the court as to whether appraisers shall be appointed, depending upon the facts then present. But actual consummation of the sale is not a condition precedent to the right of the objecting stockholders to institute the proceeding. The statute itself contains no such requirement (see *Matter of Seiler, supra,* p. 403) and, as said in *Matter of Marcus* (*supra,* p. 45): " Where, as in this instance, the Legislature by precise language has created a right and with equal precision has set forth the procedure by which that right may be availed of, the courts may not limit or enlarge that right or alter that procedure."

It is noted that the respondent does not allege that the negotiations for the sale of the stock of Consolidated Molded Products Corporation has been abandoned or that the resolution authorizing the proposed sale thereof has been recalled or rescinded. It may be that the sale will be consummated. On the other hand, if it should appear during the pendency of these proceedings that the negotiations have been definitely and finally abandoned, or that the resolution authorizing the proposed sale has been rescinded, application may be made for the dismissal of the proceedings or a stay thereof or for such other relief as the respondent may think proper, and I will, at such time, pass upon the same.

The motions are therefore granted, as indicated, and the cross motions are denied. Settle order on each motion.