Milton M. Wecht, J.
The defendant Arabol Mfg. Co., a duly organized corporation, existing under the laws of the State of New York, had issued and outstanding 3,630 shares of common stock, and 3,720 shares of preferred stock, of which 150 shares of its preferred stock is in the hands of plaintiff, a testamentary trustee. It then sold all of the assets and good will to the Borden Company, another defendant, and received therefor 49,600 shares of common stock of Borden.
The plaintiff at no time objected to this sale, nor to the transfer of Arabol’s assets for 49,600 shares of Borden common. After this transfer, Arabol proceeded to buy back 3,570 of its preferred shares for 10,710 shares of Borden stock, or 3 shares of Borden for each share of Arabol preferred. With respect to the remaining shares of Borden, or 38,890, Arabol intends to distribute these shares to the owners of its 3,630 shares of common stock, or a bit over 10 shares of Borden for each share of Arabol common.
To this planned transfer, plaintiff, the holder of the outstanding 150 shares of Arabol preferred, objects, and argues that all the shareholders of Arabol, both the common and preferred, are entitled to equal distribution. As a matter of fact, to further emphasize his objection, he refused to accept the 450 shares of Borden transferred to his name or the dividend check from Borden, representing such shares which he received on the basis of the exchange of 3 for 1, hereinbefore mentioned, and started an action for an injunction and a declaratory judgment. Pending a determination of this action, a motion is made by order to show cause, containing a stay, and for a further stay until a decision is reached at a trial of this action. It is this motion for a further stay which is now before this court.
By a cross motion defendants move to dismiss the complaint for failure to state a cause of action on the ground that plaintiff is limited to the remedy given by sections 20 and 21 of the Stock Corporation Law (now Business Corporation Law, §§ 910, 623) and is estopped from bringing such an action because of laches, or, in the alternative, to transfer this action to the First Judicial Department, the only place the action can be brought pursuant to the above-mentioned sections.
*186 The statutes (Stock Corporation Law, §§ 20, 21) empowering a corporation to sell its property and to pay a dissenting stockholder the appraised value of his stock has no application to Arabol’s plan. The attempt to distribute its assets in such a way as to give a holder of common stock a greater share of the corporate assets than a preferred stockholder, is improper since there is nothing in the stock certificates or the charter authorizing such a differentiation. Plaintiff is not restricted to alternate courses of agreeing to the plan, or seeking appraisal, but can contest the planned distribution of assets in equity (Eisenberg v. Central Zone Props. Corp., 306 N. Y. 58).
The right of appraisal under section 20 of the Stock Corporation Law and section 910 of the Business Corporation Law, is not available to plaintiff as a holder of nonvoting stock. (Matter of Harwitz, 192 Misc. 91.)
It is clear that the difference in distribution between the 3 shares to the preferred stockholders and the 10 shares to the common stockholders, does not constitute a dividend, it being the expressed intention of the corporation not to declare it a dividend now or in the future. Therefore, the preferred and common stock should share equally in the assets upon liquidation. (Continental Co. v. United States, 259 U. S. 156.)
Accordingly, the motions by defendants to dismiss the complaint or, in the alternative, to transfer the action to New York County, is denied, and pursuant to subdivision (c) of rule 3211 of the Civil Practice Law and Buies, summary judgment in favor of plaintiff is granted.