OPINION OF THE COURT
Edward J. Greenfield, J.
This proceeding appears to raise an issue of first impression, to wit: whether under the Business Corporation Law, the right of a stockholder who objects to a proposed merger or certain other specified corporate action to receive payment of the fair value of his shares is confined to stockholders of record or whether the right is also available to objecting stockholders whose shares are registered in the name of a nominee or fiduciary. As a substantial proportion of publicly held corporate stock is registered in what is known as "street name”, i.e., in the name of the broker rather than the purchaser, the issue is of substantial importance.
The case at bar arises out of the merger of Saxon Industries, Inc., a New York corporation (Saxon-New York), into its wholly owned subsidiary. On August 29, 1975, Saxon-New York’s shareholdes of record were given notice of a special meeting to be held on September 26, 1975 to consider and vote on a proposed merger of Saxon-New York into its wholly owned subsidiary, Saxon Industries, Inc., a Delaware corporation (Saxon). The notice provided that: "Only shareholders of record at the close of business on August 25, 1975 will be entitled to notice of and to vote at the Special Meeting.”
The notice further stated that shareholders dissenting from the proposed merger would be entitled to demand and receive payment of the fair value of their shares under section 910 and 623 of the Business Corporation Law in the event of the consummation of the merger.
Petitioner, who was the beneficial owner of 200 shares of Saxon-New York registered in the name of his broker, Grunthal & Co., notified the corporation in writing on September *1030 18, 1975, prior to the special meeting, that he was a shareholder, holding 200 shares entitled to vote, that he objected to the proposed merger and that he intended to demand payment for his shares. Although the merger was duly approved at the special meeting on September 26, 1975, petitioner was not notified by the corporation of the action taken by the shareholders. Thereafter, on October 31, 1975, petitioner notified Saxon-New York in writing that he was electing to dissent from the action taken at the meeting, enclosed the certificates representing his shares and demanded payment of the fair value thereof.
The corporation refused petitioner’s demand for an appraisal and declined to institute a special proceeding in this court for an appraisal as provided in section 623 (subd [h], par [1]) of the Business Corporation Law, giving rise to the instant proceeding under section 623 (subd [h], par [2]), which provides that if the corporation fails to commence a special proceeding to determine the rights of dissenting shareholders and to fix the fair value of their stock, any dissenting shareholder may commence such a proceeding.
It is respondent’s position that this proceeding should be dismissed on the grounds that petitioner was not the record holder of the shares. In support of this contention, petitioner relies on section 910 of the Business Corporation Law, which provides, in pertinent part that:
"(a) A shareholder of a domestic corporation shall, subject to and by complying with section 623 * * * have the right to receive payment of the fair value of his shares * * * in the following cases:
"(1) Any shareholder entitled to vote who does not assent to * * *
"(A) Any plan of merger * * * to which the corporation is a party”.
In essence, it is respondent’s position that under section 910 only Grunthal & Co., as the stockholder of record and thus "entitled to vote”, not petitioner, could object and demand payment, which Grunthal & Co. did not do.
Although the manner in which stock is registered does affect certain rights, it has long been recognized that owners of stock whose shares are registered in the names of fiduciaries or nominees are not precluded from all privileges with respect to the corporation. To the contrary, courts have per *1031 mitted beneficial owners of stock held in the name of a nominee or fiduciary to bring law suits to protect their interests in the corporation. (See York Props, v Neidoff, 10 Misc 2d 439; Lewin v New York Ambassador, 61 NYS2d 492, affd 271 App Div 927; Oltarsh v National Velvet Corp., 195 Misc 634.)
With respect to right of appraisal, although only holders of record could give their consent to divestiture of corporate assets, beneficial owners who had not authorized the giving of consent are not barred from seeking appraisal. (Matter of Bacon, 287 NY 1, 5.)
Thus, in Matter of Rowe (107 Misc 549), where a dissenting stockholder who sought appraisal was met with the objection that his shares were not registered on the corporate books in his name, the court held that although it was appropriate to restrict the right to vote and the right to receive dividends to stockholders of record, different considerations were applicable with respect to substantial changes which would liquidate or totally change the corporation. Thus the court held that unless the statute explicitly limited the right of appraisal only to stockholders of record, it should apply equally to stochholders whose shares were not registered in their own names.
In Matter of Friedman (New York, Lackawanna & Western Ry. Co.) (184 Misc 639, mod 269 App Div 834), which involved a demand for appraisal under former section 161 of the Railroad Law, the court held that where the ownership of the stock and of the particular certificates could be clearly identified, the fact that the stock was held in the name of a nominee would not bar the demand for appraisal. The court held that although a corporation may deal only with the registered stockholder for the purpose of voting, paying dividends, and giving notices and reports, it could not deprive the beneficial owner of the right to object that his investment in the corporation is being transposed to another corporation, or totally transformed.
In Matter of Deutschmann (281 App Div 14, 24), the court held that dissenting shareholders had standing to seek an appraisal, declaring: "It was enough to enable them to prosecute the proceedings that they were the beneficial owners of the shares.”
Similarly in Matter of Kaufman, Alsberg & Co. v Green Co. (30 Misc 2d 1025, 1028, affd 15 AD2d 468), the court held that: "It is well established in the law that petitioners are not required to be stockholders of record (Matter of Rowe, 107 *1032 Misc. 549; Matter of Standard Coated Prods. Corp. [Bazar], 183 Misc. 736, 740). The court stated in Matter of Rowe (supra, p. 552) the following: T think a fair interpretation of the section in question is that any stockholder who owns stock in a stock corporation, whether registered or not, if he brings himself within the provisions of the section as to time of demand of payment for his shares and objection to sale, is entitled to an appraisement of his stock, not only with reference to stock actually registered in his name, but also with reference to stock which he owns absolutely, even though not yet registered.’ ” All the cases cited above were decided under the former Stock Corporation Law or the Railroad Law, and it is respondent’s position that under the Business Corporation Law, and particularly of section 910, which refers to shareholders "entitled to vote” the right to an appraisal is not clearly limited to stockholders of record.
Respondent attempts to distinguish the language of section 910 of the Business Corporation Law from that contained in section 87 of the former Stock Corporation Law which permitted appraisal by "any stockholder not voting in favor” without the limiting words "entitled to vote”. In addition, respondent relies on the fact that subdivision (d) of section 623 specifically spells out how a nominee or fiduciary is to dissent, implying that the beneficial owner must require the nominee to dissent for him.
Although the language of the Business Corporation Law is somewhat different than that contained in the predecessor statute, there is nothing in the legislative history or comments to indicate that the Business Corporation Law was intended to limit the right to object and dissent to mergers and liquidations to stockholders of record. White on New York Corporations states flatly, in discussing the rights of an unrecorded owner to an appraisal under section 623 of the Business Corporation Law: "A shareholder acting in good faith will be entitled to appraisal rights although not the owner of record as of the record date.” (3 White, NY Corporations [13th ed], par 623.04, p 6-575.) Dealing with the same subject matter in connection with section 910 of the Business Corporation Law it is stated: "The right of appraisal may be exercised by the owner of shares whether they are registered in his name or not.” (4 White, NY Corporations [13th ed], par 910.03, p 9-164 et seq.) However, the cases cited in support of this proposition were decided under the Stock Corporation Law and the Rail *1033 road Law. However, there is no indication that the Business Corporation Law was intended to change prior law in this regard. To the contrary, the comment in Legislative Studies and Reports (McKinney’s Cons Laws of NY, Book 6, Business Corporation Law, § 910, p 97) declares that this section "retains the same right currently available to dissenting shareholders to receive payment for their shares from domestic corporations upon merger, consolidation or disposition of assets otherwise than within the regular course of business”.
If such a drastic change was intended, it is reasonable to assume that it would be reflected in the legislative history.
The analysis of the Business Corporation Law by Professor George D. Orenstein (McKinney’s Cons Laws of NY, Book 6, Business Corporation Law, Appendix 1, p 465) in dealing with appraisal rights of dissenters, comments that "the right of appraisal” in the new law "enables a dissenting shareholder to withdraw from a corporation rather than continue in a venture different from the one he embarked upon, or on terms different from those in the contract he originally accepted”, which principle continues although the types of corporate change where appraisal is applicable have been reduced. Nothing is contained in the commentary noting that the appraisal right has been restricted only to those shareholders defined by the corporation as stockholders of record.
The statutory phrase "entitled to vote thereon” would appear merely to continue the restriction that the right to an appraisal is limited to holders of voting rather than nonvoting stock (Newman v Arabol Mfg. Corp., 41 Misc 2d 184, 186) which was the interpretation given to the comparable restrictive language of section 20 of the Stock Corporation Law. (Matter of Harwitz [Republic Pictures Corp.], 192 Misc 91.)
 Insofar as respondent relies on subdivision (d) of section 623 of the Business Corporation Law, which permits only nominees and brokerage firms who are not the beneficial owners of the shares to split their votes, The Outline of Principal Changes by Professor Harry C. Henn (McKinney’s Cons Laws of NY, Book 6, Business Corporation Law, p 496), which deals with changes effected by the new law, including the provision of subdivision (d) of section 623, does not indicate that beneficial owners who heretofore had the right of appraisal were to be excluded in the future. Although it is clear, under the Business Corporation Law, that the objection and demand could be made by the holder of record, the court *1034 does not read the statute as requiring that only the record holder can make the demand. Accordingly, the court holds that section 910 of the Business Corporation Law does not limit the right to an appraisal to shareholders of record.
Turning to the requirement of section 623, petitioner filed a written objection to the proposed merger prior to the special meeting in which he indicated he intended to demand payment for his shares. As petitioner timely notified the corporation of his dissent, he should have been given notice of the action taken at the meeting. Section 623 of the Business Corporation Law specifically provides that the corporation is to give written notice of its action after the shareholders vote to two classes of shareholders (a) shareholders who file written objections, and (b) shareholders from whom written objections were not required. Although any shareholder who received such notice and elected to dissent was to file a demand for payment of the fair value of his shares within 20 days after notice to him by the corporation, as petitioner was not given the required notice, his October 31, 1975 demand and surrender of his stock certificates must be considered timely. As the corporation failed to bring a proceeding to fix the value of the shares of the dissenting shareholders, petitioner, as a dissenting shareholder, properly commenced this proceeding under section 623 (subd [h], par [2]).
The court notes that where, as here, a beneficial owner of the stock comes forward and clearly identifies himself and makes his dissenting position known, the corporation is put on notice of his dissent. The corporation can properly ask for further proof of beneficial ownership, but once it is on notice of the unrecorded beneficial owner’s interest, it can no longer ignore that shareholder’s right and insist that the notice of dissent be received from the stockbroker in whose name the shares are registered. The imporatant thing is that the shareholder not be permitted to straddle the fence. So long as neither he nor the beneficial owner has given his assent to the planned merger, and the shareholder timely notifies the corporation that he will demand payment for his shares, the essential requirements of the statutory scheme are met.
In this case petitioner gave timely notice of his dissent, and timely notice of his demand for payment, not having received notice of approval of the merger. Moreover, having received the notice of dissent and demand for payment directly from the beneficial owner, respondent’s total silence until after the *1035 time period had elapsed, without notifying the shareholder that the objection should be filed in the name of the owner of record, appears to make out a case of estoppel. As a result of respondent’s silence, petitioner lost the opportunity to remedy any technical shortcomings in his notice.
One futher comment is called for with respect to the attempt by petitioner to bring this proceeding as a class action. While the class action statute (CPLR art 9) may apply to special proceedings as well (CPLR 105, subd [b]), the special proceeding for appraisal of shares has its own rules. As provided in section 623 (subd [h], par [3]), all dissenting parties are to be made parties to the special proceeding. Since all dissenting shareholders must be joined and the question of the fair value of the shares has to be considered with respect to all of the dissenting stockholders jointly, there is no necessity for a class action.
In this proceeding, in any event, it does not appear that the class is numerous. The total number of dissenting shareholders is 14, and it appears that except for 3 of these shareholders, their objections have been resolved. The total number of dissenting shareholders not of record, like petitioner, is one.
Accordingly, while the petition is not recognized as one in a class action, it is the determination of this court that petitioner, as a beneficial owner of shares of common stock and Saxon-New York, duly notified the corporation of his dissent from the plan of merger, duly demanded payment of the fair value of his shares, and accordingly is entitled to an appraisal, together with all of the other dissenting shareholders.
Settle order in accordance with the foregoing and providing that the remaining dissenting shareholders be made parties and for the appointment of an appraiser.