[907 NYS2d 588]

JOHN DOE, Petitioner, v DONALD B. SMITH, Putnam County Sheriff, et al., Respondents.

Supreme Court, Putnam County, August 17, 2010

APPEARANCES OF COUNSEL

*Feerick Lynch MacCartney, PLLC*, South Nyack (*Donald J. Feerick, Jr.* of counsel), for petitioner. *Callahan & Fusco, LLC*, East Hanover, New Jersey (*Chad L. Klasna* of counsel), for respondents.

## OPINION OF THE COURT

LAWRENCE H. ECKER, J.

Documents numbered 1 to 28 were read on these motions for an order that petitioner file the petition and proceed anonymously, that he file any documents and exhibits under seal, and that respondents answer by using the pseudonym John Doe, and for an order pursuant to section 4506 of the Civil Practice Law and Rules suppressing the use of overheard conversations and evidence derived therefrom in an administrative disciplinary proceeding.

Petitioner's motion for an order that he file the petition and proceed anonymously, that he file any documents and exhibits under seal, and that respondents answer by using the pseudonym John Doe is granted as unopposed (*see* affirmation of Chad L. Klasna, Esq. [hereinafter Klasna affirm] at 2), and his motion pursuant to CPLR 4506 is disposed of as follows:

### Factual and Procedural Background

As part of an ongoing investigation, the Federal Bureau of Investigation (hereinafter FBI) applied to the United States District Court for the Southern District of New York for an order pursuant to title 18, section 2517, of the United States Code, authorizing the interception of wire or electronic communications. On October 30, 2009, Honorable Deborah A. Batts, U.S.D.J., granted the application and issued an order authorizing the FBI to intercept and record communications over cellular telephones which were assigned certain call numbers subscribed to persons suspected of engaging in the sale of illegal drugs. (*See* order to [*redacted*] and Verizon Wireless [hereinafter the 10/30/09 Order], a copy of which is annexed to the order to show cause [hereinafter OTSC] as part of exhibit P.)

On November 12, 2009, a communication over one of those cellular telephones was intercepted and recorded during which petitioner, who is a Deputy Sheriff with respondent Putnam County Sheriff's Department (hereinafter PCSD), was allegedly overheard making a call to and conversing with one of the persons suspected of selling illegal drugs. The FBI advised PCSD

that one of its deputies had been overheard and disclosed to PCSD a copy of the intercepted conversation.

Based upon that disclosure, on January 26, 2010, PCSD advised petitioner that he was the subject of an administrative disciplinary investigation and ordered him to report on January 27, 2010, and submit to questioning by commissioned officers. (*See* Putnam County Sheriff's Department inter-office memorandum, a copy of which is annexed to the OTSC as exhibit A.)

On January 27, 2010, petitioner was interviewed by a PCSD officer and served with a notice of disciplinary charges, to which was annexed a copy of a transcript of the intercepted conversation. (*See* notice of disciplinary charges [hereinafter the 1/27/10 Notice], a copy of which is annexed to the OTSC as exhibit B.)

On or about January 28, 2010, petitioner served PCSD with an answer, denying the charges alleged in the 1/27/10 Notice and demanding a hearing. (*See* answer, a copy of which is annexed to the OTSC as exhibit D.)

On or about March 2, 2010, PCSD served upon petitioner another notice of disciplinary charges, alleging that on multiple occasions during the 18 months preceding March 2010, petitioner had associated with persons whom he knew to be criminals. (*See* notice of disciplinary charges [hereinafter the 3/2/10 Notice], a copy of which is annexed to the OTSC as exhibit E.)

On March 3, 2010, petitioner served PCSD with an answer, denying the charges alleged in the 3/2/10 Notice and demanding a hearing. (*See* answer, a copy of which is annexed to the OTSC as exhibit G.)

On April 7, 2010, respondent Donald B. Smith, Putnam County Sheriff, designated a hearing officer and directed him to hold a hearing on the disciplinary charges filed against petitioner. (*See* correspondence from designated hearing officer to counsel dated Apr. 9, 2010, a copy of which is annexed to the OTSC as exhibit I.)

By order to show cause signed by Honorable Francis A. Nicolai, J.S.C., on June 30, 2010 (the OTSC), inter alia, petitioner moved this court for an order pursuant to CPLR 4506, suppressing the use in the administrative disciplinary proceeding of the intercepted communication and any evidence derived therefrom, and for an order that petitioner file the petition and proceed anonymously, that he file any documents and exhibits under seal, and that respondents answer by using the pseud-

onym John Doe. On July 7, 2010, Justice Nicolai stayed the use in the proceeding of said original and derivative evidence, and directed that petitioner proceed anonymously, pending the determination of petitioner's motion. The matter was transferred to this court on July 14, 2010, and petitioner's motion marked fully submitted on July 30, 2010. The hearing officer has adjourned the disciplinary hearing pending the determination of petitioner's motion.

## Discussion

Respondents' purported affirmative defenses to the verified petition (hereinafter the petition) are not relevant to the determination of the instant application. In their verified answer to the petition respondents allege four affirmative defenses: (1) that the petition fails to state a cause of action upon which relief can be granted; (2) that respondents' actions were not unreasonable, arbitrary, capricious or in violation of law; (3) that this court lacks subject matter jurisdiction because there has been no final determination by an administrative agency; and (4) that petitioner lacks standing to seek the relief requested because he has not been injured by the final determination of an administrative agency.

Petitioner does not seek judgment on a cause of action against respondents. Petitioner does not allege that respondents have undertaken or are about to undertake any action that was or would be unreasonable, arbitrary, capricious, or otherwise unlawful. Petitioner does not ask that respondents be directed to undertake or refrain from undertaking any action.

Rather, petitioner seeks only a ruling in limine concerning the admissibility of certain evidence in a proceeding to which respondents are parties, under a statute which specifically sets out the requirements for standing (*see* CPLR 4506 [3]) and sufficiency (*see* CPLR 4506 [4]), and vests Supreme Court with original jurisdiction to consider such a motion (*see id.*). The statute expressly mandates that "[t]he motion *must* be made prior to the commencement of [the] . . . proceeding" as to which suppression is sought. (*Id.* [emphasis added].) Therefore, neither the sufficiency of petitioner's pleading nor the lawfulness of respondents' actions are at issue, and neither jurisdiction nor standing are dependent upon the finality of any determination made by respondents. Respondents' contention to the contrary notwithstanding (*see* Klasna affirm at 3-4), albeit without respondents having raised an objection in their verified answer,

the provisions of CPLR 4506 are applicable to the disciplinary proceeding as to which petitioner seeks suppression. (*See Ruskin v Safir*, 177 Misc 2d 190 [Sup Ct, NY County 1998], *order vacated, appeal dismissed on other grounds* 257 AD2d 268 [1st Dept 1999].)

As petitioner contends, he has standing to make[1] and this court has jurisdiction to consider the instant motion. However, pursuant to CPLR 4506 (4) a motion to suppress evidence obtained on the authority of an eavesdropping warrant "must be made before the judge or justice who issued the eavesdropping warrant." Therefore, having considered petitioner's motion, rather than decide it on the merits as petitioner requests, in this instance the court's determination must be to deny it without prejudice to an application for the same relief before the judge who issued the 10/30/09 Order, namely Judge Batts.

Petitioner does not dispute that the 10/30/09 Order constitutes an eavesdropping warrant within the meaning of CPLR 4506 (4). Of the three grounds for suppression under CPLR 4506 (3), the sole ground which he invokes in support of his motion is subdivision (3) (c), which provides that suppression may be sought on the ground that "[t]he eavesdropping was not done in conformity with the eavesdropping warrant."[2] (*See* mem of law in support of petitioner's application for an order to show cause [hereinafter MOL] at 5.) Indeed, petitioner erroneously describes the ground set forth in subdivision (3) (c) as "that the eavesdropping was not performed in strict conformity with the statutes; i.e., Penal Law §§ 250.00 and 250.05[, etc.]" (MOL at

---

**1.** Petitioner is an "aggrieved person" within the meaning of CPLR 4506 (2): he was the "sender . . . of a telephonic . . . communication which was intentionally overheard [and] recorded by a person other than the sender or receiver thereof, [to wit the FBI,] without the consent of the sender or receiver, by means of [an] instrument, device or equipment" (CPLR 4506 [2] [a]). PCSD is an authority of a political subdivision of the State of New York. Accordingly, as a party to a proceeding before PCSD, petitioner may move to suppress the use in such proceeding of the contents of the overheard and recorded communication. (*See* CPLR 4506 [3].)

**2.** In comparison, subdivision (3) (a) provides that suppression may be sought on the ground that "[t]he communication . . . was *unlawfully* overheard or recorded" (emphasis added); in other words, that the overheard or recorded communication was the product of conduct which constituted the crime of eavesdropping under section 250.05 of the Penal Law. (*See* CPLR 4506 [1].) But since intercepting a telephonic communication on the specific authority of a court order does not constitute the crime of eavesdropping (*see* Penal Law § 250.00 [8]), a communication which was intercepted on the authority of a court order was thereby not overheard or recorded "unlawfully" within the meaning of CPLR 4506 (3) (a).

5). Petitioner does not contend that the FBI acted without the specific authority of a court order (*see* CPLR 4506 [3] [a]), or that the court order under which the FBI did act was facially insufficient (*see* CPLR 4506 [3] [b]). Rather, the gravamen of petitioner's argument is that although the communication was overheard and recorded on the authority of Judge Batts' 10/30/09 Order, suppression is required because the communication was disclosed by the FBI in violation of the terms of that order or in violation of New York statutes which he contends governed the execution of that order. In either event, subdivision (3) (c) provides the only ground for petitioner's motion which, pursuant to subdivision (4), *must* be made before the judge who issued the order. Nevertheless, he contends that despite CPLR 4506 (4), this court has the power to determine his motion on the merits under section 2-b (3) of the Judiciary Law.[3] Petitioner's arguments are unavailing.

Pursuant to article VI, § 7 of the New York State Constitution, "(a) The supreme court shall have general original jurisdiction in law and equity," and "(b) If the legislature shall create new classes of actions and proceedings, the supreme court shall have jurisdiction over such classes of actions and proceedings." Since the procedure set forth in CPLR 4506 for moving to suppress evidence obtained by eavesdropping is a new class of proceeding created by the legislature, the Supreme Court has jurisdiction over such motions. Fundamentally, Judiciary Law § 2-b (3) authorizes courts to "adopt new procedures which are fair and which facilitate the performance of their responsibilities" (*People v Ricardo B.*, 73 NY2d 228, 233 [1989]), provided that such new procedures are "consistent with constitutional, statutory, and decisional law" (*People v Wrotten*, 14 NY3d 33, 37 [2009]). However, "[w]here, [as in CPLR 4506,] the Legislature by precise language has created a right and with equal precision has set forth the procedure by which that right may be availed of, the courts may not limit or enlarge that right or alter that procedure." (*Matter of Marcus [Macy & Co.]*, 297 NY 38, 45 [1947].) Courts may not invoke Judiciary Law § 2-b (3) to justify the exercise of powers not specifically bestowed in the Constitution or by the legislature. (*Cf. People v Dunn*, 4 NY3d 495, 497 [2005] [holding that sua sponte order setting aside a verdict, which trial court premised upon Judiciary Law § 2-b (3), could

---

**3.** Pursuant to Judiciary Law § 2-b, "[a] court of record has power . . . (3) to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it."

not be reviewed on direct appeal by the People, but that they "may seek a writ of prohibition in a CPLR article 78 proceeding when a trial court clearly acts in excess of its authorized powers"].) Further, courts may not invoke the statute to inflate their jurisdiction beyond that which has been so bestowed. (*See Leibowits v Leibowits*, 93 AD2d 535, 546 [2d Dept 1983, O'Connor, J., concurring] ["courts cannot expand their power or jurisdiction in the guise of devising or making new process or forms of proceedings under subdivision 3 of section 2-b of the Judiciary Law"].)

Hence, Judiciary Law § 2-b (3) does not authorize this court to determine petitioner's motion on the merits. The plain, unambiguous language of CPLR 4506 (4) is both peremptory (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 177 [a]) and so clear as to proscribe the use of any other means of interpretation to divine the legislative intent (*see* Statutes § 76). The directives in section 4506 (4) concerning the jurist before whom a motion to suppress must be made are set forth in two separate sentences; the first sentence directs that a motion to suppress evidence obtained on the authority of a warrant must be made before the judge or justice who issued the warrant—without limitation as to the court on which the jurist sits (*cf.* General Construction Law § 26 and CPL 1.20 [23] [definitions of "judge" not limited to jurists on New York State courts])—while the second sentence directs that "[i]f no eavesdropping warrant was issued, such motion must be made before a justice of the supreme court." Stated succinctly, a motion to suppress evidence obtained on the authority of an eavesdropping warrant may not be made before a justice of the Supreme Court unless that justice issued the warrant. (*Cf. Ruskin v Safir*, 177 Misc 2d at 192 [Supreme Court justice had jurisdiction to determine merits of motion to suppress eavesdropping evidence which had been obtained in another state without a warrant].) Judiciary Law § 2-b (3) does not authorize this court to devise a new process by determining the merits of a motion to suppress evidence which was obtained on the authority of a warrant it did not issue, because to do so would be inconsistent and in conflict with the precise statutory language and overall legislative scheme concerning eavesdropping evidence. (*Compare People v Wrotten*, 14 NY3d at 37-38 [holding that trial court was authorized under Judiciary Law § 2-b (3) to permit an adult complainant who was too infirm to attend court to testify via video because it was consistent with other statutes concerning the examination of

witnesses, and "there (was) no specific statutory authority evincing legislative policy proscribing" the procedure]; *People v Ricardo B.*, 73 NY2d at 232-233 [holding that simultaneous trial of codefendants before dual juries was authorized under Judiciary Law § 2-b (3) because the procedure was not "expressly authorize(d) or prohibit(ed)" elsewhere and "may logically be implied from (the) terms" of the statutes concerning the joinder of accusatory instruments].)

Furthermore, assuming that this new process was otherwise authorized under Judiciary Law § 2-b (3), petitioner has failed to show that it is necessary that this court determine the merits of his motion "to carry into effect [its] powers and jurisdiction." Petitioner contends that it is necessary in order "to ensure that the broader constitutional rights afforded under the New York State Constitution are upheld" (petitioner's supp reply affirmation at 2), and because not doing so "undermines the concurrent jurisdiction of this Court with the [warrant-issuing] Federal Court and forfeits the power of state constitutional review" (*id.* at 5). However, he fails to allege, much less establish, of what broader rights he would be deprived under the New York Constitution or a New York court's interpretation of the United States Constitution if the instant motion were made in federal court.

To the extent that petitioner pleads a ground for suppression under CPLR 4506 (3) (c) based upon his allegation that the FBI's disclosure of the overheard communication violated any provisions of article 250 of the Penal Law and/or articles 700, 705, and 710 of the Criminal Procedure Law, petitioner proffers no reason why a federal court would not be as bound and competent as this court to apply New York law, where appropriate, in its determination of a motion which was before it pursuant to a New York statute. Nor would this court's concurrent jurisdiction be undermined thereby, particularly since CPLR 4506 (4) clearly provides that this aspect of that jurisdiction which the statute vests in Supreme Court is actually deferential to that of the warrant-issuing court. Thus, this court is not empowered, pursuant to Judiciary Law § 2-b (3), to determine the merits of a motion to suppress evidence obtained on the authority of an eavesdropping warrant it did not issue.

Accordingly, for the foregoing reasons, petitioner's motion for an order that he file the petition and proceed anonymously, that he file any documents and exhibits under seal, and that respondents answer by using the pseudonym, John Doe, is

granted; the Putnam County Clerk is hereby directed to permanently seal the petition and all pleadings, documents, and exhibits filed in support thereof and opposition thereto and to maintain the anonymity of this proceeding as provided in this decision and order. Petitioner's motion for an order pursuant to CPLR 4506 suppressing the use of overheard conversations and evidence derived therefrom in an administrative disciplinary proceeding before the Putnam County Sheriff's Department is denied without prejudice to an application for the same relief before Honorable Deborah A. Batts, U.S.D.J.[4] The order of Honorable Francis A. Nicolai, J.S.C., staying the use in that administrative disciplinary proceeding of said original and derivative evidence is continued for 45 days from the date of service upon petitioner's counsel of a copy of this decision and order, with written notice of entry.

---

**4.** A copy of this decision and order is being sent to Honorable Deborah A. Batts, U.S.D.J.