In the Matter of the Application of WILLIAM R. STOCKWELL, Appellant, for the Appointment of Appraisers to Appraise the Stock of LORD & BURNHAM COMPANY, a Body Corporate of the State of New York, Respondent.

Second Department, November 21, 1924.

Corporations — stock — vote to issue increased stock to employees — non-consenting stockholder, under Stock Corporation Law, § 14, has right to have his stock appraised and paid for, though no stock has been actually issued to employees.

A stockholder who does not consent to the issuance of increased stock to employees is, under section 14 of the Stock Corporation Law, entitled to have his stock appraised and paid for, where he acts within the time specified in that section, though no stock has actually been issued and delivered to employees.

APPEAL by the petitioner, William R. Stockwell, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 23d day of April, 1924, denying the petitioner's motion for the appointment of three persons to appraise the value of the stock of the Lord & Burnham Company, owned by the petitioner.

*James E. Duross,* for the appellant.

*Frederic H. McCoun,* for the respondent.

JAYCOX, J.:

The petitioner, William R. Stockwell, is the owner of 213 shares of common stock and 55 shares of preferred stock of the Lord & Burnham Company. The company is a domestic corporation, located at Irvington, N. Y., and is engaged in the business of manufacturing greenhouses and other kindred work. On the 10th of January, 1924, it had an authorized capital stock of $2,500,000, consisting of 15,000 shares of common stock of the par value of $100 each, and 10,000 shares of preferred stock of the par value of $100 each. On that date the corporation issued a notice to its stockholders of a special meeting of stockholders, in accordance with section 45 of the Stock Corporation Law,* to be held at its office on the 21st day of January, 1924, for the purpose of voting upon a proposition to increase its capital stock to $3,000,000, to consist of 15,000 shares of common stock of the par value of $100 each, 10,000 shares of seven per cent preferred stock of the par value of $100 each, and

_____

* Since amd. by Laws of 1924, chap. 441.— [REP.

50,000 shares of six per cent second preferred non-cumulative stock, to be known as " special stock," of the par value of $10 each, and for the purpose of voting upon a proposition of distributing any and all of said special stock by vote of the directors from time to time to employees of the company under the company's profit-sharing plan, or by sale at a price not less than $10 per share, or through future stock dividends which may be declared. In accordance with the notice a meeting was held and the increase of stock was voted and the directors were authorized and directed by said meeting to create and authorize the issuance of 50,000 shares of six per cent second preferred, non-cumulative stock of the par value of $10 each and thereby the capital stock was increased from $2,500,000 to $3,000,000, and a certificate was filed to that effect on the 25th day of January, 1924. This increase was made under section 36 of the Stock Corporation Law of the State of New York.

The petition alleges that the stock has been issued, but this is denied and upon the hearing a stipulation was made that none of the capital stock had yet been issued. The petitioner was not present at the meeting and did not vote by proxy. On the 8th day of February, 1924, and within twenty days after the meeting was held, the petitioner duly objected to the action taken at said meeting and demanded payment of his stock. This proceeding was begun within sixty days after said meeting was held.

The answer of the corporation merely denies the issuance of the stock. The only question involved is as to whether the petitioner can maintain the proceeding prior to the actual issuance of the stock. The present law upon the subject is section 14 of the Stock Corporation Law, as amended in 1923, and reads as follows:

" § 14. Issue of stock to employees. A corporation other than a moneyed corporation, with the consent of the stockholders entitled to vote thereon, upon such terms and restrictions as they shall impose, and in case of stock having par value for the consideration required by section sixty-nine, may issue any or all of its unissued stock to employees of the corporation or to employees of a subsidiary corporation. The consent may be given by all such stockholders in writing or by a majority vote at a stockholders' meeting held on the notice prescribed by section forty-five, stating the object thereof. In case of the issuance to employees of increased stock authorized pursuant to section thirty-six, any stockholder not voting in favor of such issue of stock to employees may, at such meeting or within twenty days thereafter, object thereto and demand payment for his stock, and such stockholder or the corporation

may at any time within sixty days after such meeting take proceedings for the appraisal of his stock, as provided under section twenty-one."

Prior to the amendment of section 14, this subject was covered by section 62-a of the former Stock Corporation Law, which read as follows:

" § 62-a. Issue of stock to employees. Any corporation may with the consent of the stockholders either under such restrictions as they shall impose or upon such terms and for such consideration as they shall direct issue any part or all of its unissued stock or additional stock authorized pursuant to section twenty-two or section sixty-two of this chapter to employees of the corporation or to employees of a subsidiary corporation. Such consent may be given by all the stockholders in writing or by a majority vote at a stockholders' meeting held on the notice required by law for an annual meeting of stockholders, stating the object thereof. If any stockholder not voting in favor of the said issue of stock to employees shall, at such meeting, or within twenty days thereafter, object thereto and demand payment for his stock, such stockholder or the corporation may at any time within sixty days after such meeting take proceedings for the appraisal of his stock, as provided under section eight of the Business Corporations Law, on the consolidation of corporations. Upon the payment by the corporation of the amount of such appraisal and the charges and expenses of the appraisers such stockholder shall cease to have any interest in such stock and the corporate property of such corporation, and such stock may be held or disposed of by the corporation. The corporation shall be liable for and shall pay to any such objecting stockholder the amount of any such award as finally sustained."

I am of the opinion that the motion should have been granted. Section 14 gives to the non-consenting stockholder a remedy when there is an increase of stock which is to be issued to employees. It, however, prescribes a limitation within which the non-consenting stockholder must act. In order to avail himself of the remedy he must at such meeting or within twenty days after the meeting at which the increase is voted, object thereto and demand payment for his stock and then within sixty days he must take proceedings for the appraisal of his stock. If the non-consenting stockholder has no remedy until the stock has been actually issued, the corporation could deprive him of his remedy by delaying the issuance of the stock until the time within which he must act has elapsed. I do not believe it to have been the intention of the Legislature to grant a remedy to the non-consenting stockholders and then place in the hands of the corporation the power to entirely destroy that remedy.

I think the phrase " in case of the issuance " means " in case the stockholders vote for the issuance." The section in question relates to the issuance of two classes of stock, one, the unissued stock of the corporation, and the other the issuance of increased stock. In the first case, a vote of the stockholders only is requisite and no remedy is provided for a non-consenting stockholder. In the second case — the issuance of increased stock — a vote of the stockholders is necessary and in addition thereto a non-consenting stockholder is given a remedy. He is not obliged to abide by the decision of the majority. He is entitled, if he takes the appropriate steps, to have his stock appraised and paid for by the corporation. The phrase " in case of the issuance " is merely introductory and explanatory. It serves to call attention to the fact that it relates to the issuance of increased stock and not to the issuance of the unissued stock of the corporation. The idea that the non-consenting stockholder may take action without waiting for the actual issuance of the stock I think is further accentuated by the provision that he may " at such meeting " object and demand payment for his stock. This, I think, clearly indicates that the issuance of the stock is not a condition precedent to action by the non-consenting stockholder. "All statutes must be so construed as to give effect to the evident intention of the Legislature, and to prevent inconsistency, unreasonableness or unconstitutionality it is permissible to ignore the mere letter of the statute, and even to disregard or to supply words obviously inserted or omitted by mistake." (*Matter of Deuel*, 116 App. Div. 512, 515.)

This statute should be so construed as to effectuate the right of the non-consenting stockholder to apply for and have an appraisal of his stock when the stockholders take action looking toward the issuance of increased stock to its employees.

The respondent calls attention to the fact that White on Corporations (9th ed., Supp. 48), commenting on this section, says: " This section, in effect October 1, 1923, is a revision of former section 62-a. The right conferred upon a dissenting stockholder to institute proceedings for the appraisal of his stock modifies the former provision so that such right is now granted only in case of the issuance to employees of increased stock." From this the respondent draws the conclusion that this eminent authority means that the non-consenting stockholder can only take action after the actual issuance of the increased stock. I do not so construe the learned author's comment. The section provides for the issuance to employees of unissued stock. To that the stockholder cannot object and have an appraisal of his stock. He can only have such appraisal where there is an issuance to employees of increased stock and the com-

ment quoted correctly limits the appraisal proceeding to an occasion when an increase of stock is contemplated.

I recommend that the order appealed from be reversed upon the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

KELLY, P. J., RICH, MANNING and KELBY, JJ., concur.

Order reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.