In the Matter of the Petition of MARY A. MILLARD, Personally and as Executrix, etc., of EDWIN M. MILLARD, Deceased, and Others, for the Appointment of Three Persons to Appraise the Value of Certain Stock Owned by Them in the Corporation JOHN E. MOORE COMPANY.

JOHN E. MOORE COMPANY, Appellant; MARY A. MILLARD and Others, Respondents. (Appeals Nos. 1, 2 and 3.)

First Department, June 24, 1927.

Corporations — sale of corporate property under Stock Corporation Law, § 20 — stockholders not consenting, moved, under Stock Corporation Law, § 21, for appointment of appraisers — sale was abandoned by board of directors before motion was returnable — stockholders ratified action of directors on day order was made — order should not have been granted — no necessity for appeal from order denying stay — order appointing appraisers should have been vacated.

An order appointing appraisers, under section 21 of the Stock Corporation Law, on the petition of non-consenting stockholders, who objected to the sale of corporate property under section 20 of the Stock Corporation Law, should not have been granted, and after it was granted it should have been vacated, since it appears that while a sale was authorized by a stockholders' meeting, the sale was abandoned by the board of directors before the return of the motion for the order appointing appraisers, and that the action of the board of directors was ratified by the stockholders on the day that the order was made and before it was entered.

At the time the motion was returnable, no sale had been made or was in contemplation, the moving parties had knowledge of that fact, and the motion for an order appointing appraisers should, therefore, have been denied.

The appeal from a denial of the motion to stay the proceedings by the appraisers, pending the determination of an appeal from the original order, is dismissed, since there was no necessity for the appeal. An original application for a stay might have been made in the Appellate Division after this stay was denied below.

Upon a showing that the stockholders ratified the action of the board of directors in abandoning the sale, the court should have granted the motion to vacate the order appointing the appraisers.

APPEAL by John E. Moore Company from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of May, 1927, granting petitioner's motion for the appointment of appraisers to appraise their stock in the John E. Moore Company; also from an order entered in said clerk's office on the 11th day of May, 1927, denying the motion of the appellant for a stay of proceedings by the appraisers appointed by the aforesaid order, and also from an order entered in said clerk's office on the

19th day of May, 1927, denying appellant's motion to vacate the order appointing appraisers.

*I. Maurice Wormser* of counsel [*Joseph S. Johnston*, attorney], for the appellant.

*Aimet Reed Latson* of counsel [*Latson & Tamblyn*, attorneys], for the respondents.

PER CURIAM. The petition for the appointment of appraisers is based upon a resolution passed at a special meeting of stockholders of the John E. Moore Company held on the 17th day of February, 1927, authorizing the sale of the passenger-carrying steamboats of the company.

The petitioners are minority stockholders of the John E. Moore Company, who did not attend the special meeting of stockholders above referred to, but on the 8th day of March, 1927, gave notice to the corporation that they objected to the proposed sale as outlined in the resolutions adopted at the special meeting of stockholders. In this notice demand was made by them that the John E. Moore Company purchase their stock. Subsequently and within sixty days of the special meeting of stockholders held on February 17, 1927, the papers in support of this motion to appoint appraisers were served on the officers of the corporation. This motion was made returnable on April 25, 1927.

On April 21, 1927, at a regular meeting of the directors of the John E. Moore Company, resolutions were adopted by the directors abandoning the proposed sale to which objection had been made by the minority stockholders. On May 5, 1927, the stockholders held a special meeting and ratified the action of the directors of the corporation in abandoning the proposed sale. This was on the same day the order appealed from was made.

Section 20 of the Stock Corporation Law of 1923 permits the sale of the property, or a part thereof, of any stock corporation, with the consent of two-thirds of the holders of its outstanding shares; and section 21 of that law provides for the appraisal of the value of the shares of dissenting stockholders who do not elect to participate in the sale, and for payment to them of the appraised value of their holdings.

The John E. Moore Company is a domestic corporation owning and operating a fleet of boats in and about the harbor of New York.

On February 17, 1927, at a special meeting of stockholders all the stockholders who attended the meeting voted in favor of a resolution to transfer the excursion boats to a subsidiary corporation. The petitioners did not attend the meeting. The resolutions were adopted by more than a two-thirds vote of all the stock of the

corporation. The resolutions then adopted authorized the formation of a subsidiary corporation or subsidiary corporations, in the discretion of the directors, and the sale to such corporation or corporations of the boats therein mentioned. The directors were further authorized: " * * * to carry out these resolutions in such manner as to them may seem to the best interests of this corporation * * *."

After the petitioners had made objection to the proposed sale and had served the petition and notice of motion herein, the directors passed resolutions at a regular meeting of directors held on April 21, 1927, abandoning the proposed sale because of the objections thereto by petitioners, and because the financial condition of the corporation would not permit it to purchase the stock of the petitioners, and also because the corporation has not funds with which to defray the costs and expenses of the appraisers in such a proceeding as was proposed by petitioners. Notice of this decision by the directors was duly given to the attorneys for petitioners, but they stated they would insist on their motion. Afterwards on the twenty-fifth of April the motion was granted. Subsequently on May 5, 1927, the special meeting of stockholders referred to was held, and the previous resolutions of the stockholders authorizing the proposed sale and the formation of subsidiary corporations were rescinded.

The resolutions of the directors abandoning the proposed sale were thus approved and ratified. These resolutions were submitted in support of the motion to vacate the order appointing appraisers.

The order granting petitioners' motion and appointing appraisers was signed under date of May 5, 1927, and entered May 6, 1927. The order directed the appraisers to hold their first meeting on May 10, 1927, at two o'clock in the afternoon. The order was entered after the date of the stockholders' meeting and resolutions.

On May 10, 1927, a motion for a stay of proceedings by the appraisers pending the hearing and determination of this appeal, notice of which appeal was served on May 7, 1927, came on to be heard, and such motion for a stay was denied.

Subsequently a motion was made to vacate the order of May 5, 1927, appointing appraisers, etc. This motion was heard on May 18, 1927, and was denied. The papers on appeal from that order include all the papers before the court on the determination of the original motion to appoint appraisers together with a record of the special meeting of stockholders held May 5, 1927, approving the resolutions of the directors in abandoning the proposed sale.

We think that since petitioners' right to the appointment of

appraisers rests upon a " sale " under the statute, and there was no sale here in contemplation when the motion was made, it should have been denied. The motion for a stay need not have been appealed, as an original application for a stay might have been made here after denial below, and that appeal should be dismissed.

The motion to vacate the order appointing appraisers on a showing that the sale's rescinding had been ratified by the stockholders *a fortiori*, should have been granted.

We, therefore, conclude that the order on appeal No. 1 should be reversed, with ten dollars costs and disbursements, and the motion denied; that appeal No. 2 should be dismissed, without costs; that the order on appeal No. 3 should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Present — DOWLING, P. J., MERRELL, FINCH, McAVOY and PROSKAUER, JJ.

Appeal No. 1: Order reversed, with ten dollars costs and disbursements, and motion denied.

Appeal No. 2: Appeal dismissed, without costs.

Appeal No. 3: Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.