In the Matter of the Application of W. K. THOMAS and HAROLD GROSS, Stockholders in the Brooklyn-Manhattan Transit Corporation, for the Appointment of Appraisers to Appraise the Value of Their Stock. In the Matter of the Application of ERNEST J. ELLENWOOD, a Stockholder in the Brooklyn-Manhattan Transit Corporation, for the Appointment of Appraisers to Appraise the Value of His Stock. In the Matter of the Application of F. C. GEILER, Stockholder in the Brooklyn-Manhattan Transit Corporation, for the Appointment of Appraisers to Appraise the Value of His Stock and Other Stockholders Similarly Situated. W. K. THOMAS, HAROLD GROSS, ERNEST J. ELLENWOOD and F. C. GEILER, Respondents; BROOKLYN-MANHATTAN TRANSIT CORPORATION, Appellant.— In three consolidated proceedings brought by minority stockholders of appellant Brooklyn-Manhattan Transit Corporation, to have their stock appraised and purchased by the corporation, under sections 20–21 of the Stock Corporation Law, the Special Term granted the application and directed among other things that the appraisal should commence on January 4, 1940. Order modified by directing that the first meeting of the appraisers shall be held within five days after the Transit Commission declares the Unification Plan operative, and by directing further that the appraisers shall estimate the value of petitioners' stock as of the date when the plan is thus declared operative. As so modified, the order is affirmed, without costs. We do not construe the statute to mean that the non-consenting stockholders acquire an absolute right to have their stock appraised and paid for as soon as their dissent has been filed and the sale has been approved by the requisite number of stockholders. They acquire immediately the right to commence the statutory proceeding (*Matter of Stockwell*, 210 App. Div. 753); but the right to an appraisal is " subject to the conditions and provisions of section twenty-one " (Stock Corp. Law, § 20) and the provisions of section 21 include an application to the court. Upon such application the court has some measure of discretion. (*Matter of Bickerton* v. *N. Y. Theatre Co.*, 232 N. Y. 1; *Matter of Leventall*, 241 App. Div. 277.) If the sale is abandoned during the pendency of the proceeding, the application may be denied. (*Matter of Millard, Nos. 1–3*, 221 App. Div. 113; affd., 246 N. Y. 546.) Where, as in this case, the sale is contingent upon future events and may ultimately be abandoned, we hold that the court has power to defer the actual appraisal until the contingencies are removed, bearing in mind the purposes of the statute as stated in *Matter of Timmis* (200 N. Y. 177). The contingencies will be removed when the Transit Commission declares the plan operative, and the appraisal should commence at that time. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur. [See *post*, p. 833 and p. 843.]

ALFRED JOSEPH KEARNS, Respondent, v. THE KNICKERBOCKER LAUNDRY CO., INC., Appellant.— Action to recover damages for personal injuries, sustained while on duty, by a member of the New York City Fire Department, by reason of the alleged negligence of defendant, resulting in the escape of chlorine gas kept on certain industrial premises without a permit. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.