In the Matter of the Application of W. K. THOMAS and HAROLD GROSS, Stockholders in the BROOKLYN-MANHATTAN TRANSIT CORPORATION, for the Appointment of Appraisers to Appraise the Value of Their Stock. In the Matter of the Application of ERNEST J. ELLENWOOD, a Stockholder in the BROOKLYN-MANHATTAN TRANSIT CORPORATION, for the Appointment of Appraisers to Appraise the Value of His Stock. In the Matter of the Application of F. C. GEILER, Stockholder in the BROOKLYN-MANHATTAN TRANSIT CORPORATION, for the Appointment of Appraisers to Appraise the Value of His Stock and Other Stockholders Similarly Situated. W. K. THOMAS, HAROLD GROSS, ERNEST J. ELLENWOOD and F. C. GEILER, Respondents; BROOKLYN-MANHATTAN TRANSIT CORPORATION, Appellant. — On the court's own motion, the decision of this court handed down on March 18, 1940 [ante, p. 736], is hereby amended to read as follows: In three consolidated proceedings brought by minority stockholders of appellant Brooklyn-Manhattan Transit Corporation, to have their stock appraised and purchased by the corporation, under sections 20–21 of the Stock Corporation Law, the Special Term granted

the application and directed among other things that the appraisal should commence on January 4, 1940. Order modified by directing that the first meeting of the appraisers shall be held on May 1, 1940, at ten A. M. at the offices of the Brooklyn-Manhattan Transit Corporation, 385 Flatbush avenue, Extension, Brooklyn, N. Y., and by directing further that the appraisers shall estimate the value of petitioners' stock as of the date when the plan was declared operative. As so modified, the order is affirmed, without costs. We do not construe the statute to mean that the non-consenting stockholders acquire an absolute right to have their stock appraised and paid for as soon as their dissent has been filed and the sale has been approved by the requisite number of stockholders. They acquire immediately the right to commence the statutory proceeding (*Matter of Stockwell*, 210 App. Div. 753); but the right to an appraisal is " subject to the conditions and provisions of section twenty-one " (Stock Corp. Law, § 20) and the provisions of section 21 include an application to the court. Upon such application the court has some measure of discretion. (*Matter of Bickerton* v. *N. Y. Theatre Co.*, 232 N. Y. 1; *Matter of Leventall*, 241 App. Div. 277.) If the sale is abandoned during the pendency of the proceeding, the application may be denied. (*Matter of Millard, Nos. 1–3*, 221 App. Div. 113; affd., 246 N. Y. 546.) Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur. [See, also, *ante*, p. 833.]