In the Matter of INA C. EATON, Petitioner. HINMAN MILKING MACHINE COMPANY, Respondent.

Supreme Court, Special Term, Madison County, April 25, 1947.

*William D. Kiley and William L. Broad* for petitioner.

*Benjamin D. Shove and Theodore M. Hancock* for respondent.

Coon, J. The petitioner seeks the appraisal of her stock in the Hinman Milking Machine Company and the purchase thereof by the company at the appraised valuation.

The following essential facts are undisputed. There are outstanding 120 shares of common stock of the company, of the par value of $100 per share. The petitioner owns 30 shares, and the remaining 90 shares are owned by Ione M. Hinman and her two children. The capital structure of the corporation has not been changed since its organization and there is a substantial surplus.

On December 28, 1946, a meeting of the stockholders of the corporation was held, pursuant to a ten-day notice duly given, for the purpose of acting upon a proposal to increase the capital stock of the corporation and to pass upon a proposed certificate of classification of shares which, among other things, abolished the pre-emptive rights of stockholders. Petitioner was represented at such meeting by proxy and voted her 25% of the stock against the entire proposal and objected thereto, but did not specifically object to the provision abolishing pre-emptive rights nor at that time demand an appraisal. The proposal was adopted, the remaining 75% of the outstanding stock voting in favor thereof. The certificate of classification

authorized by the resolution was never filed. On the 4th day of January, 1947, the petitioner caused to be served upon the company an objection to the action taken and a demand for the payment of her stock pursuant to section 38 of the Stock Corporation Law because of the provision abolishing her pre-emptive rights. On January 13, 1947, a notice of this motion for the appointment of appraisers was served, returnable February 1, 1947, and adjourned by the parties by consent until March 1, 1947. On January 18, 1947, the company served on the petitioner a notice of a special meeting of the stockholders to be held on January 29, 1947, for the purpose of rescinding the above-mentioned action taken at the meeting on December 28, 1946. Such meeting was held on January 29th. The petitioner was represented by proxy and declined to vote. A resolution rescinding the action taken at the meeting on December 28th was adopted, as was also another resolution providing for the increase of the capital stock as in the first resolution, except that it omitted the provision abolishing pre-emptive rights. The timeliness of notices or of this proceeding is not questioned. It is undisputed that, had the acts authorized by the first resolution been consummated, the provisions of section 38 of the Stock Corporation Law would apply and petitioner would have been entitled to an appraisal under section 21 of the Stock Corporation Law.

The only question for determination is: Did the right of the petitioner to such an appraisal vest and become absolute immediately upon the adoption of the resolution at the first meeting of stockholders and the service of petitioner's objection thereto and her demand for an appraisal, although the certificate to carry out such resolution was never filed and the resolution itself was rescinded prior to return date of the motion? A fair interpretation of the statutes involved and the obvious purposes and objectives of these statutes would seem to require a negative answer.

Section 38 of the Stock Corporation Law and other similar sections governing drastic changes by the corporation were designed to give the majority stockholders a free hand in the operation of the corporation unfettered by objections by small minority stockholders, and at the same time to protect the minority stockholders when they objected to the action taken. (*Matter of Timmis,* 200 N. Y. 177.) As applied to this case the statute contemplates protecting the petitioner from the loss of her pre-emptive rights. She has not lost such rights and therefore does not need the protection. The statute con-

templates a compensatory right for one that has been taken away, to preserve the balance. Here petitioner's right has not been taken away. It never was taken away. It never can be taken away without subsequent action of the stockholders, with her rights safeguarded. She has lost nothing. She stands in exactly the same position as she stood before any action was taken. If she is to gain the benefit of a statute intended to compensate her for the loss of her right, she is gaining that benefit without any loss which does not preserve the balance, but on the contrary places her in a more advantageous position than she was in before. Her rights have not been decreased in any manner and they should not be increased in any manner.

The weight of judicial authority supports this theory. (*Matter of Millard,* 221 App. Div. 113, affd. 246 N. Y. 546; *Matter of O'Hara,* 133 Misc. 184.)

The *Millard* case (*supra*) is identical in principle and this court cannot adopt the petitioner's attempts to distinguish it. It has been cited with approval in other cases. (*Matter of Thomas,* 259 App. Div. 843; *Matter of Seiler,* 239 App. Div. 400; *Matter of Standard Coated Products Corp. [Bazar],* 183 Misc. 736.)

The *Seiler* case (*supra*) is readily distinguishable because the resolution involved had not been rescinded. The opinion indicates clearly that a different conclusion would have been reached if the action had been rescinded. That case and other similar ones stand for nothing more than the proposition that the petitioner does not have to wait until a pending resolution is consummated by subsequent action before demanding an appraisal, and the decisions seem to be based largely upon the ground that otherwise the corporation could delay action until the sixty-day time limit had passed for demanding an appraisal, and thereby deprive the minority stockholder of the right of appraisal, and *still proceed to consummate the acts authorized by the resolution.* Such is not the case here. The certificate was never filed and *it never can be filed,* because the resolution has been rescinded.

Subdivision 9 of section 38 of the Stock Corporation Law provides that certain stockholders may object to certain acts and demand payment for their stock " * * * and thereupon such stockholder or the corporation shall have the right, subject to the conditions and provisions of section twenty-one, to have such stock appraised and paid for as provided in said section."

The petitioner attaches great importance to the words " and thereupon ". The court cannot accept the strained construc-

tion urged by the petitioner, that the Legislature intended by those words to vest a minority stockholder with an absolute right of appraisal and sale irrespective of subsequent events. The intention is to immediately give her the right to commence proceedings and thereby stop her sixty-day time limit. from running, but an application to the court is still necessary.

The court will not appoint appraisers when the underlying reason therefor does not, and cannot in the future, exist. (*Matter of Thomas*, 259 App. Div. 843.) To hold otherwise would be unfair to the majority stockholders and would prejudice their rights.

The "good faith" of both parties is questioned. That need not be discussed because the decision of this motion is not dependent upon good faith or the lack of it. A situation contemplated by the law as requiring the appointment of appraisers does not exist.

The motion is denied.