In the Matter of MARION NULLE, Individually and as Executrix of AUGUSTUS NULLE, Deceased, et al., Petitioners. THE SAVARINS, INC., Respondent.

In the Matter of ALINE E. BRUCHS, Petitioner. THE SAVARINS, INC., Respondent.

Supreme Court, Special Term, Queens County, February 16, 1949.

*Lemuel Bannister* and *Charles F. Krause, Jr.,* for Aline E. Bruchs, petitioner.

*Edmund Ruffin Beckwith* for Marion Nulle, individually and as executrix of Augustus Nulle, deceased, and others, petitioners.

*Raymond B. Seymour* and *Ulysses S. Grant* for The Savarins, Inc., respondent.

HALLINAN, J.   This is a consolidated proceeding by minority stockholders in " The Savarins, Inc." for the appointment of appraisers to appraise the value of their stock, under sections 20 and 21 of the Stock Corporation Law.

Concededly there was mailed to the Savarins' stockholders on December 24, 1948, a notice, dated December 23, 1948, of a special meeting of stockholders to consider and take action upon an offer to purchase fixtures, equipment and incidentals owned by said corporation in its operations in the city of New York, and the right to use the name " Savarin " in connection with such operations, and any other offers that might be received. Said special meeting was held on January 4, 1949, at which time by a vote of 18,476 of the outstanding 22,248 shares of stock, the stockholders approved and authorized the proposed sale and conveyance referred to in the said notice.   None of the petitioners, owning a total of 2,712 shares of stock, voted in favor of the proposed sale and conveyance.   Indeed, only the petitioners, Paul Douglas Nulle and Richard Nulle, each owning 300 shares, attended said meeting.

However, by signed written notices mailed to the corporation by registered mail, postage prepaid, within twenty days after the mailing on December 24, 1948, of the aforesaid notice of

special meeting, each of the petitioners notified the corporation of his or her objection to the said proposed sale and conveyance, and expressly stated:

" The sale and conveyance so objected to is the proposed sale and conveyance which was outlined in a notice dated December 23, 1948, of a special meeting of the stockholders of The Savarins, Inc., to be held at the office of The Savarins, Inc. on January 4, 1949, and which was approved at the said meeting.

" You ARE HEREBY FURTHER NOTIFIED that I demand an appraisal of and payment for my said stock pursuant to the statute and laws in such case made and provided."

These objections were filed in time by the nonvoting petitioners, inasmuch as the notice of meeting for the sale was not mailed at least twenty days prior to the meeting at which the vote was taken. Section 20 of the Stock Corporation Law specifically provides that any stockholder " not voting in favor of such proposed sale and conveyance may at any time prior to the vote thereon — or if notice of the meeting was not mailed to him at least twenty days prior to the taking of such vote, then within twenty days after the mailing of such notice — object to such sale and conveyance and demand payment for his stock ".

The proposed sale having been carried out by the payment of $712,109.70, pursuant to agreements appproved by the aforementioned vote of stockholders, the petitioners commenced these proceedings, pursuant to section 21 of the Stock Corporation Law, within sixty days after the filing of their written objections and demands as aforesaid. Neither in their said objections and demands, nor in the petition did they specify what objections they in fact had to the sale and conveyance; the answer of the corporate respondent has alleged that petitioners had no real objection, and that their statement that they had such objection, was made in bad faith.

I am of the opinion that the petitioners were not obliged to set forth in detail their reasons for objecting either in the demand or in their petition. Sections 20 and 21 of the Stock Corporation Law were designed to enable " a majority of two-thirds to sell if they deemed it was the best policy, and at the same time to protect the minority, if they regarded the sale as opposed to their interests " (*Matter of Timmis,* 200 N. Y. 177, 181), and there is nothing in said statutes which requires the giving of any details or reasons for the nonconsenting stockholders' objection. Timely objection in the manner provided by section 20 of the Stock Corporation Law is merely a condi-

tion precedent to the right of commencing the statutory proceeding contemplated by section 21 of the Stock Corporation Law (*Matter of Stockwell*, 210 App. Div. 753).

The respondent urges, however, that in such a proceeding the court has the power to inquire into the good faith of the petitioners and to determine that issue after testimony is heard, unless the admissions of the parties are sufficient to enable the court to determine that question without taking testimony. Only in a limited sense is this true, however. Thus, in *Matter of Leventall* (241 App. Div. 277) the Appellate Division, First Department, held that a transfer and conveyance by a corporation, dealing in petroleum products, of certain of its properties to a newly organized corporation, in exchange for stock of the new company, was not a transfer within sections 20 and 21 of the Stock Corporation Law, so as to permit a nonconsenting stockholder to have his stock appraised; in that case it appeared that the corporation did not exceed its powers in the transaction; that the transfer was essential to the maintenance of its market in the locality where the properties were situated, was beneficial to the corporation and its stockholders, and that the transfer was not an integral part of the corporation and could not be considered a practical dissolution thereof. In addition, the court pointed out that the nonconsenting stockholder became a stockholder of record after the notice was sent to the holders of stock. As pointed out by the court at page 283: " It was never contemplated that a person purchasing 200 shares of stock out of more than 30,000,000 shares, should be permitted to come in after a notice for a transfer of a part of the property or an arrangement by which a transfer is about to be made to better serve the corporation, and apply for the appointment of appraisers in an attempt to prevent such transfer or arrangement, and thwart the will of holders of practically all the outstanding shares of a company whose fixed capital assets, according to its financial statement of December 31, 1932, were over $1,000,000,000."

In the case at bar, the nonconsenting stockholders are owners of long duration, and by the sale already consummated, the corporation herein has, for all practical purposes, brought about its own dissolution. Such a sale cannot in any aspect be considered as one in the regular course of business. Indeed, as a result, the corporation has gone out of business.

Nor does *Matter of Thomas* (259 App. Div. 736, decision amended 259 App. Div. 843), a Second Department case, aid

the respondent. While it was there stated that upon an application of this character, the court "has some measure of discretion", such discretion was defined by the very next sentence when the court stated "If the sale is abandoned during the pendency of the proceeding, the application may be denied." Moreover, in support of this statement that the court had some measure of discretion, the memorandum cited *Matter of Leventall* (*supra*) already discussed, and *Matter of Bickerton* (*N. Y. Theatre Co.*) (232 N. Y. 1), where the court said at pages 7–8 as follows: "Again, a stockholder only under certain conditions is permitted to apply to the court in proceedings to compel the purchase of his stock. If those conditions do not exist he is not entitled to relief. There can be no doubt that on the return of his petition the corporation would be entitled to disprove, if it could, the existence of the necessary requirements for relief, and yet this right must be wholly implied. There is not a word in the statute expressly securing it."

If words mean anything, the foregoing language means merely that the corporation may disprove the existence of the necessary requirements for relief provided in section 20 of the Stock Corporation Law, to wit, the timely filing of a written demand as a condition precedent to the commencing of the statutory proceeding under the provisions of section 21 of the Stock Corporation Law (*Matter of Stockwell, supra*). Here the allegations of the petition with respect to the occurrence of the conditions precedent to the bringing of this proceeding are not denied and consequently, no issue with respect thereto is present.

Under the circumstances here, no inquiry into the motives of the nonconsenting stockholders is proper in the present state of the law. If such limitation had been intended by the Legislature, the statutes would have so expressed it. As was said in *Matter of Marcus* (*Macy & Co.*) (297 N. Y. 38, 45): "Where, as in this instance, the Legislature by precise language has created a right and with equal precision has set forth the procedure by which that right may be availed of, the courts may not limit or enlarge that right or alter that procedure."

Finally, the respondent contends in the alternative that if it be determined that the petitioners have the right to force it to purchase their stock, the order appointing appraisers should direct that they appraise the said stock without regard to The Louis Sherry, Inc., stock held by it, and that petitioners be required to accept their prorata share of The Louis Sherry, Inc., stock in part payment of their Savarins' stock.

Dealing with analogous statutes the Court of Appeals in *Matter of Bickerton* (*N. Y. Theatre Co.*) (*supra*) held at page 6 that the order appointing the appraisers is not a final disposition of the petition; that " it is in its nature an intermediate order for proceedings which may properly become the basis for final action by the court." The respondent relies upon so much of section 21 of the Stock Corporation Law which states: " If the court confirms or modifies such appraisal it shall award interest on the value of such stock, * * * and shall direct the manner in which payment shall be made to such stockholder." It is clear from the foregoing that such direction as to payment must be made upon a motion to confirm or modify the report of appraisers, and, indeed, it was so held at page 9 of the opinion in *Matter of Bickerton* (*N. Y. Theatre Co.*) (*supra*). Respondent argues, however, that in this case it should be decided upon the instant application, as otherwise it would incur the expenses of an unnecessary appraisal of The Louis Sherry, Inc., stock, and the appraisal of such stock as part of the Savarins' assets would be useless if the court later determined that the petitioners should be required to take part payment in The Louis Sherry, Inc., stock.

There is much to be said for this contention, and, indeed, if this court had power in the exercise of discretion to direct part payment in kind, it would do so under the facts and circumstances here presented. However, as this court reads the statute, it has no such power. As was pointed out by the Court of Appeals in *Matter of Bickerton* (*N. Y. Theatre Co.*) (*supra*, p. 9): " The mere fact that the court is to prescribe the manner in which payment shall be made indicates that some discretion should be exercised in making the direction. It very well may be that a corporation required to pay hundreds of thousands of dollars in taking up stock of dissenting stockholders should be given more time and different conditions of payment than a corporation which was required to advance only a small sum of money for this purpose."

Accordingly, the appraisers to be appointed will appraise also the value of The Louis Sherry, Inc., stock which is one of the assets of Savarins. The petitions are, accordingly, granted. Settle order on notice.