Brewster, J.
Petitioner-appellant appeals from an order made at Special Term, which denied her application for the appointment of appraisers pursuant to sections 21 and 38 of the Stock Corporation Law.
Appellant is the owner of 30 of the 320 issued shares of the capital stock of the respondent stock corporation. On December 28,1946, a stockholders’ meeting of the respondent was duly called and held at which a resolution was adopted which was *8 designed to increase its corporate capital stock and to arrange for the classification of its shares, and therein it was provided that the preferential stockholder rights to purchase or subscribe to the new issues should be abolished. Petitioner voted against the aforesaid resolution but made no specific objection. However, on January 4, 1947, she made written objection to the action taken at the stockholders’ meeting in adopting the aforesaid resolution, and particularly as to its denial of her preferential rights as an owner of outstanding stock; and, therein she demanded payment therefor. Thereafter and within the time limited therefor she noticed her motion for an appraisal of the value of her shares pursuant to section 21 of the Stock Corporation Law. This motion was made returnable February 1, 1947.
The stockholders’ action in adopting the aforesaid resolution on December 28, 1946, was rescinded at a meeting duly called and held on January 29, 1947, and before the purposes which it designed had become effective by the filing of a certificate appertaining thereto as required by statute. (Stock Corporation Law, § 36.)
The stockholders’ action on December 28, 1946, did not ipso facto, abolish petitioner’s rights. The statute (Stock Corporation Law, § 36), expressly provides that the effectiveness of such action is accomplished, “ By filing a certificate * * * ”, the style and content of which is therein set forth and which, in turn, must be subscribed and authenticated as required by section 37. This was never done. The right to have the appraisal accorded by subdivision 9 of section 38 arises when the action in altering the preferential rights has become effective, i.e., when, as the subdivision states, “ * * * the certificate alters ” them. Thus it is apparent that the “ event ” of having “ taken action ” which founds the right to the appraisal accorded by section 21 means action which has been completed and become effectual by following the procedure prescribed by the other relevant statutory requirements concerning the making and filing of the certificate. The latter not only evidences but concludes the action and produces the event of its accomplishment. Thus, when appellant’s application for the appraisal was presented none of her preferential rights had ever been altered, and so the very foundation of her right to the relief sought was lacking. (Matter of Millard, 221 App. Div. 113, affd. 246 N. Y. 546.)
The order should be affirmed.
Foster, P. J., Hefeernan, Deyo and Bergan, JJ., concur.
Order affirmed, with $10 costs.