In the Matter of GEORGE H. HAKE, Appellant. HAKE MANUFACTURING COMPANY, INC., Respondent.

Fourth Department, January 14, 1955.

*Louis N. Blatt* for appellant.

*Robert Boasberg* for respondent.

McCURN, P. J. This is an appeal from an order of the Special Term denying the application of the petitioner for an appraisal and payment for his stock pursuant to sections 20 and 21 of the Stock Corporation Law.

The stockholders of the respondent corporation at their annual meeting held on May 13, 1954, adopted by a two-thirds vote a resolution authorizing its officers and directors to sell, mortgage, or lease any and all real estate owned by the corporation and to sell any and all furniture, equipment, dies, moulds, machinery and other personal property which the directors deem advisable to dispose of. The petitioner, a dissenting stockholder, brought this proceeding pursuant to section 21 of the Stock Corporation Law for a determination of the value of his stock and for payment thereof.

It appears that for sometime in the past the corporation has been engaged in a manufacturing business carried on principally

in a plant owned by it in the village of Depew, New York; that the officers and directors being desirous of procuring a larger plant with a view of a more economical and advantageous conduct of its increasing manufacturing business searched for a suitable plant and location in various localities in the State of New York and elsewhere, and finally selected a plant located at Roanoke, Virginia. Thereupon they moved their offices and manufacturing business together with their manufacturing equipment and machinery, with the exception of certain items of personal property to be mentioned later, to the new location at Roanoke, Virginia. They leased the plant formerly occupied in the village of Depew to another manufacturing concern for a ten-year period upon terms which they allege to be favorable. They sold certain items of personal property which items were allegedly obsolete or not needed at the new location for a total sum of $1,590.45.

The Special Term has found, and properly so as we view it, that the lease of the real property and the sale of the above-mentioned items of personal property are not to be regarded as transactions outside of the regular course of business of the corporation and that such lease and sale do not involve all of its property or an integral part thereof essential to the conduct of the business of the corporation (Stock Corporation Law, § 20). Even so, we think it was error to deny petitioner's application under the circumstances present here. While the directors have not acted under the resolution of the stockholders, such resolution has not been rescinded and insofar as it appears from this record the directors may still at any time pursuant to the resolution of the stockholders exercise their discretion to sell any part or all of the real and personal property of the corporation. Such a sale of all the corporate property would obviously put an end to the manufacturing business of the corporation (see *Matter of Timmis,* 200 N. Y. 177). If the directors should elect to make such a sale and the present proceeding should be no longer pending, the petitioner will have lost his right to an appraisal and payment of the value of his stock pursuant to section 21.

It appears here that no proposed sale is actually pending. The stockholders have authorized the directors in their discretion to effect a sale, and while such discretion has not as yet been exercised, still the power to do so continues until the resolution of the stockholders is rescinded. In that respect the situation here is not the same as in cases where the stockholders have

authorized a particular sale which has afterward failed or has been abandoned (see *Matter of Millard,* 221 App. Div. 113, affd. 246 N. Y. 546).

In the present situation the dissenting stockholder's interest remains in jeopardy so long as the resolution permitting the directors in their discretion to sell any part or all of the real and personal property of the corporation remains in force and effect. In the meantime the petitioner having demanded payment for his stock and having timely commenced this proceeding therefor, has no rights as a stockholder except to receive payment for his stock unless and until such authorization to sell has been abandoned or rescinded (Stock Corporation Law, § 21, subd. 6). He may withdraw his demand only on the consent of the corporation. If he should so withdraw upon consent, or if the court should dismiss this proceeding, the statute contains no authorization for him to make another demand and institute another proceeding for appraisal, should the directors exercise their discretion to sell the corporation's assets at a later date.

Thus the stockholders' resolution, although not yet acted upon by the directors, has so far resulted in depriving the petitioner of his status as a stockholder.

The secretary of the corporation recites in his affidavit that there is no intention on the part of the directors to sell the real property or any further part of the personal property and equipment. If that is so the resolution authorizing such sale should be rescinded and the petitioner's status as a stockholder restored, otherwise the order for appraisal and payment of petitioner's stock should be granted. The Special Term may, and no doubt should, when it appears that a proposed sale is under consideration, hold the proceeding in abeyance to await the action of the directors (see *Matter of Thomas,* 259 App. Div. 736; *Matter of McKinney* [*Bush Term. Bldgs. Co.*], 306 N. Y. 207, 214). Likewise, where the stockholders' resolution, as in the present case, remains in force, we think that the Special Term may hold the proceeding for appraisal in abeyance so as to afford the stockholders an opportunity to rescind the resolution, if it appears that submission of a proposal to rescind the resolution is imminent. However, the directors by failing to act may not indefinitely deprive the dissenting stockholder of his status as a stockholder. If the corporate officers and directors fail to act within a reasonable time and the resolution is not rescinded, an order for appraisal and payment for the dissenting stockholder's stock should be made.

The order appealed from should be reversed and the matter remitted to the Special Term for further proceedings not inconsistent with this opinion.

All concur, except VAN DUSER, J., who concurs as to the reversal but votes for granting the order of appraisal. Present — McCURN, P. J., VAUGHAN, KIMBALL, WHEELER and VAN DUSER, JJ.

Order reversed on the law and facts, with $10 costs and disbursements, and matter remitted to the Special Term for further proceedings not inconsistent with the opinion herein.