In the Matter of DAVID McKAY et al., Individually and as Stockholders of Teleprompter Corporation, Respondents-Appellants, *v.* TELEPROMPTER CORPORATION, Appellant-Respondent. (Two Proceedings.)

First Department, November 27, 1962.

*Max Freund* of counsel (*Harold S. Levy* and *William I. Weisberg* with him on the brief; *Rosenman Colin Kaye Petschek & Freund,* attorneys), for respondents-appellants.

*David Z. Rosensweig* of counsel (*Katz, Moselle & Schier,* attorneys), for appellant-respondent.

STEVENS, J. These are appeals and cross appeals from orders entered September 26, 1962, which (1) denied a motion to dismiss a proceeding instituted by a petition dated July 19, 1962, and (2) granted a motion to dismiss a proceeding instituted by petition dated July 26, 1962, on the ground that such proceeding was unnecessary. For convenience the appeals and cross appeals are discussed together.

These were proceedings instituted pursuant to sections 20 and 21 of the Stock Corporation Law to determine the value of stock owned by petitioners in Teleprompter Corporation (herein Teleprompter).

Petitioners, stockholders of Teleprompter, received a notice of annual meeting of Teleprompter to be held on May 22, 1962, to discuss a proposed sale of assets. By notice mailed May 21, 1962, the meeting was adjourned to June 5, 1962. On the adjourned date stockholders of record of more than two thirds of the outstanding shares entitled to vote consented to the proposed sale. Petitioners voted in opposition.

On May 19, 1962, petitioners served a notice of objection to the sale and demanded payment for their stock. All preliminary requirements of sections 20 and 21 of the Stock Corporation Law concededly were met up to the filing of the petition in court for a judicial determination of the value of the stock.

On July 19, 1962, petitioners filed a petition, returnable July 24, 1962, for an order determining the value of their stock. By an order to show cause, dated July 23, 1962, Teleprompter sought a dismissal on the ground that the petition was not made returnable on precisely the 50th day, which it asserted was July 25, 1962.

Thereupon petitioners, by an additional petition dated July 26, 1962, returnable July 31, 1962, sought a determination of value of their stock. The second petition as to time limitations was based upon the notice setting an adjourned date for the meeting, which notice was mailed May 21, 1962. July 31, 1962 is the 50th day in accordance with statutory requirements based upon the May 21, 1962 notice.

Teleprompter sought a dismissal of this second petition on the ground that there was another proceeding pending between the same parties for the same cause.

The court denied the motion to dismiss the first petition, but granted the motion to dismiss the second proceeding on the ground that such proceeding was unnecessary.

On appeal, Teleprompter urges that the first petition was not made returnable on precisely the 50th day, and the statutory requirement not having been met, the petition should have been dismissed. Its position as to the second petition is that the rule authorizing dismissal of an action based on the pendency of a prior action pending between the same parties for the same cause applies here (Rules Civ. Prac., rule 106, subd. 3; rule 107, subd. 3). It asserts also that the second petition is a mere harassment of Teleprompter.

The petitioners contend that section 21 of the Stock Corporation Law does not require dismissal of the first petition since it was made within the 50-day period, that such petition was timely under section 20 of the General Construction Law, but if section 21 requires dismissal of the first petition, the second petition was timely and should not have been dismissed.

Sections 20 and 21 are to be construed together (*Matter of O'Hara,* 133 Misc. 184; cf. *November* v. *National Exhibition Co.,* 10 Misc 2d 537). These sections were designed to enable " a majority of two-thirds to sell if they deemed it was the best policy, and at the same time to protect the minority, if they regarded the sale as opposed to their interests" (*Matter of Timmis,* 200 N. Y. 177, 181) which dealt with predecessor statutes. Since the requirements of section 20 were complied with, it is well to look to the purpose of section 21. The right of appraisal under section 20 comes into being upon serving an objection and demand for that is a condition precedent to commencing the statutory proceeding contemplated by section 21. (*Matter of Nulle* [*Savarins, Inc.*], 194 Misc. 622.) The exercise of the right is subject to the conditions and provisions of section 21.

In a proceeding by a dissenting stockholder against a corporation merged pursuant to section 91 of the Stock Corporation Law the court noted that his right to object was asserted pursuant to subdivision 7 of section 91, but his right to have his stock appraised and paid for was subject to the conditions imposed by section 21 of the Stock Corporation Law. The court stated: " [t]he purpose of section 21 of the Stock Corporation Law was to protect dissenting stockholders" (*Anderson* v. *International Mins. & Chem. Corp.,* 295 N. Y. 343, 349). " The remedy

of appraisal and payment was intended to afford fair and just compensation to the dissenters and at the same time provide the method by which their objections could be fairly composed so as to enable the consolidation to proceed '' (p. 350). The purpose of the statute is to save the dissenting stockholder from loss by reason of the change in the nature of the business. (*Matter of Fulton*, 257 N. Y. 487, 494; cf. *Matter of Silverman* [*Hoe & Co.*], 305 N. Y. 13, 18.) The statute is to be given a liberal interpretation to accomplish the desired purpose. (Cf. *Matter of Bickerton* v. *New York Theatre Co.*, 232 N. Y. 1; 11 N. Y. Jur., Corporations, § 340.) Insofar as the right of a dissenting stockholder to have the value of his stock determined is concerned, section 21 makes no distinction whether the change in the corporate structure be by sale, merger or consolidation (Stock Corporation Law, § 21; 11 N. Y. Jur., Corporations, § 341).

The *McKinney* case upon which Teleprompter places great reliance merely held that the 50-day limitation period was not extended by the facts of that case, and a petition for appraisal served and returnable approximately five months after the 50-day period was not timely. (*Matter of McKinney* [*Bush Term. Bldgs. Co.*], 306 N. Y. 207.) In one aspect of the present case the first petition was returnable on the 49th day, thus prior to the expiration of the statutory period. However, it placed no new or additional burden upon the corporation beyond that already known to and contemplated by it, and there is no evidence that any prejudice to the corporation resulted.

The change in language of section 21 in 1950 (L. 1950, ch. 647) which provided that the petition be made on five days' notice and returnable *on* the 50th day, rather than *within 60* days, was designed to '' facilitate the consolidation of actions separately instituted by different stockholders, or by the stockholders and the corporation.'' (Memorandum of Executive Secretary, Law Rev. Comm., Bill Jacket, L. 1950, ch. 647, p. 15.) If more than five days' notice were given it could hardly be argued that the petiton should be dismissed. The reasonable construction is that the statute mandated at least five days' notice.

Thus the change sought to obviate a series of separate and, possibly, harassing actions instituted at various times during the 60-day interval.

It should be remembered that the right of a corporation to sell, merge or consolidate upon approval of two thirds of its stockholders is purely statutory. The same statute sought to protect the rights of dissenting stockholders. The right to appraisal and payment came into being upon compliance with section 20. The procedure to effectuate that right is, as pointed

out, prescribed by subdivision 3 of section 21. But even that subdivision provides that if the rules or practice of the court "do not permit such petition to be made returnable on such 50th day, then it shall be made returnable on the first succeeding day permitted by such rules or practice." The 50th day is thus not an absolute or sacred day, it is merely a definitive designation at or by which the rights and obligations of the parties shall become fixed (cf. *Matter of Timmis,* 200 N. Y. 177).

The first petition having been made returnable on the 49th day could not in any wise prejudice Teleprompter, and it was within the power of the court to withhold action to the 50th day. The order appealed from as to the first petition should be affirmed. To hold otherwise is to render nugatory the aims, protections and benefits of the statute (cf. *Matter of Rowe,* 107 Misc. 549). Nor do we think *Matter of Kaufmann, Alsberg & Co.* v. *Green Co.* (30 Misc 2d 1025, affd. 15 A D 2d 468) requires a contrary result.

In that case (*Matter of Kaufmann, Alsberg & Co.* v. *Green Co., supra*) the court granted a motion for a rehearing and upon such rehearing, on the basis of a presentation of new facts, vacated its prior decision and granted petitioners the relief sought pursuant to section 21 of the Stock Corporation Law.

Here the second petition, dated July 26, 1962, returnable July 31, 1962, was returnable on precisely the 50th day in view of Teleprompter's act in mailing a later notice of meeting May 21, 1962. Both petitions seek the same relief and the second petition imposes no further or additional burden on Teleprompter and in no wise prejudices it. The fact that there are two valid petitions is not alone a basis for striking either. The existence of such a condition was contemplated by and provided for in the statute. There is a discretionary power vested in the court to order a consolidation of all proceedings of this nature. (Stock Corporation Law, § 21; *Matter of Dynamics Corp. of America* v. *Abraham & Co.,* 4 Misc 2d 50, mod. as to cut-off date and otherwise affd. 1 A D 2d 1005, motion for leave to appeal denied 2 A D 2d 673; 19 Carmody-Wait, Corporations, § 272.)

The proper exercise of a statutory right, as in the case before us, does not constitute harassment. In fact the statutes do not expressly make good faith a prerequisite to an appraisal (*Matter of Marcus* [*Macy & Co.*], 273 App. Div. 725, 729) and no facts are adduced in the present record to support the charge of harassment.

Accordingly, the order entered September 26, 1962, appealed from on the petition dated July 19, 1962, should be modified to delete the fourth ordering paragraph and as so modified other-

wise affirmed, without costs. The order entered September 26, 1962, appealed from as to the second petition should be reversed on the law and in the exercise of discretion, with costs to petitioners, and it should be directed that such proceedings be consolidated and an order to that effect be entered.

BREITEL, J. P., RABIN, VALENTE and STEUER, JJ., concur.

Order, entered on September 26, 1962, appealed from on the petition dated July 19, 1962, unanimously modified to delete the fourth ordering paragraph and as so modified otherwise affirmed, without costs. Order, entered on September 26, 1962, appealed from as to the second petition, unanimously reversed on the law and in the exercise of discretion, with costs to petitioners, and it is directed that such proceedings be consolidated. Settle order on notice.