Bertram Harnett, J.
Petitioner is a one-third shareholder in respondent Data Boutique, Ltd., a business corporation incorporated under the laws of the State of Hew York. A special meeting of the shareholders of that corporation was duly called for March 10, 1971, and the notice of that meeting specified certain corporate actions to be considered and voted upon. Prior to that meeting, in accordance with section 623 of the Business Corporation Law, petitioner filed written objections to the proposals contemplated for action at that meeting and notified the corporation and the other shareholders that in the event the proposed actions were taken, she would demand payment for her shares in accordance with the applicable law. She now has instituted this proceeding to determine the fair value of her shares and to obtain payment thereof.
Section 623 of the Business Corporation Law does not confer upon shareholders a right to payment for their shares. Rather, it provides only the procedure for enforcement of a: “right under a section of [the Business Corporation Law] to receive payment for * * * shares if the proposed corporate action * * # is taken”. (Business Corporation Law, § 623, subd. [a].) "While petitioner is granted such a right in certain *516 instances, including the adoption of certain courses of conduct contemplated by the notice of the March 10, 1971 meeting (see Business Corporation Law, §§ 806, 910; Matter of Timmis, 200 N. Y. 177; Sandfield v. Goldstein, 33 A D 2d 376; Matter of Sands Point Land Co. v. Rossmoore, 43 Misc 2d 368), the right does not vest unless the objectionable corporate action is taken. (Matter of Millard, 221 App. Div. 113, affd. 246 N. Y. 546.)
The papers submitted on this application clearly indicate that none of the objectionable proposals were adopted by the corporation, and that the only actions taken at the March 10, 1971 meeting were related to replacement of petitioner as an officer, director and employee of the corporation. Whether or not those actions were lawful (see Business Corporation Law, % 602, subd. [c]) or otherwise violative of her contractual or statutory rights may be the subject of other litigation, but it is clear that those actions do not entitle her to payment of the fair value of her shares.
Accordingly, petitioner has been restored to her rights as a shareholder by virtue of section 623 (subd. [e]) of the Business Corporation Law and she has demonstrated no right to the relief sought. The petition shall be dismissed, without costs.